June.

WESLEY, *et al.* vs. THOMAS, *et ux.* Adm'x. of PUMPHREY.

Parol evidence, independent of the statute of frauds and perjuries, is inadmissible to contradict, add to, or vary, the terms of a written agreement.

The court of chancery, in the exercise of its moral jurisdiction, will, upon the proof of fraud, mistake or surprise, raise an equity by which the written agreement of the parties shall be rectified.

It is essential however that such fraud, mistake or surprise, should be alleged in the bill as the ground and object of the parol proof.

APPEAL from a decree of the Court of Chancery. The object of the bill filed by the appellees, was to obtain the

surrender and cancelling of a mortgage of some negroes, executed on the 29th of January 1814, by *A. Pumphrey*, the former husband of the female appellee, to *Wesley*, one of the appellants. The case is sufficiently stated in the opinion delivered by this court.

Commissions issued to take testimony, and a number of depositions were returned; and the cause having been submitted for decision,

KILTY, Chancellor, decreed, that the mortgage should be cancelled, &c. The defendant appealed to this court.

The cause was argued before BUCHANAN, EARLE, MARTIN, and DORSEY, J.

*Ridout*, for the appellants, contended, that the decree of the chancellor was erroneous: 1. Because parol evidence cannot be admitted to vary the terms of the deed, and to set up a consideration of a different nature from that stated in it. 2. If parol evidence were admissible, the testimony is insufficient to prove, in opposition to the positive averment of the answer, that the consideration and object of the deed were different from those which appear on its face. 3. Admitting the consideration and design of the deed alleged by the complainants to be established, there is not sufficient evidence that *Wesley* is discharged from all liability on account of the judgments which he superseded. He cited *Jones vs. Slubey, ante vol.* 5, 372. *Irnham vs. Child*, 1 *Bro. Ch. Ca.* 92. *Portmore vs. Morris*, 2 *Bro. Ch. Ca.* 219. *Hare vs. Shearwood*, 3 *Bro. Ch. Ca.* 168. Lord *Cheyney's* Case, 5 *Coke*, 68. *Rob. on Frauds*, 10, 79. *Rich vs. Jackson*, 4 *Bro. Ch. Ca.* 514. *Parteriche vs. Powlet*, 2 *Atk.* 384. *Shales vs. Barrington*, 1 *P. Wms.* 482. *Sugden*, 83. *Peacock vs. Monk*, 1 *Ves.* 128. *Preston vs. Merceau*, 2 *W. Blk. Rep.* 1249. *Nicholls vs. Osborn*, 2 *P. Wms.* 420. *Clarkson vs. Hanway*, 2 *P. Wms.* 204. *Chester vs. Chester*, 3 *P. Wms.* 51. *Stevens vs. Cooper*, 1 *Johns. Ch. Rep.* 429. *Clinan vs. Cooke*, 1 *Scho. & Lef.* 39. *Woollam vs. Hearn*, 7 *Ves.* 218; and *Henkle vs. Royal Exchange Assurance Company*, 1 *Ves.* 317.

*Brice*, for the appellees, relied on *Stevenson vs. Snow*, 3 *Burr.* 1240. 2 *Bac. Ab.* tit. *Evidence*, (G) 652, and the cases there cited. *Washburn vs. Merrills*, 1 *Day*, 139.

1823.

Wesley
vs
Thomas

1823.

Wesley
vs
Thomas

*Harvey vs. Harvey*, 2 *Chan. Ca.* 180. *Harris vs. Bishop of Lincoln*, 2 *P. Wms.* 135. *Rutland vs. Rutland*, Ibid 210. *Gillespie vs. Moon*, 2 *Johns. Ch. Rep.* 585. *Elliott vs. Osborn*, 1 *Harr. & M'Hen.* 146. *Gittings vs. Hall*, 1 *Harr. & Johns.* 14. *Todd vs. Rivers*, 1 *Desaus. Ch. Rep.* 155. *Thomson vs. White*, 1 *Dall. Rep.* 426; and *Ross vs. Norvell*, 1 *Wash. Rep.* 14.

*Boyle*, also for the appellees, relied on *Coke Litt.* 205, (note.) *Richards vs. Syms, Barn. Ch. Rep.* 90. *Powell on Mortg.* 187. *The King vs. The Inhabitants of Scammonden*, 3 *T. R.* 474. *Montacue vs. Maxwell, Prec. in Chan.* 526. 1 *Stra.* 236, S. C. *Baker vs. Pritchard*, 2 *Atk.* 389. *Lane vs. Dighton, Amb.* 409. *Exparte Vernon*, 2 *P. Wms.* 549. *Boyd vs. M'Lean*, 1 *Johns. Ch. Rep.* 582. *Saund. on Uses & Trusts*, 127, 134. *Rob. on Frauds*, 161; and *Thomson vs. White*, 1 *Dall. Rep.* 424.

*Ridout*, in reply, cited *Stevens vs. Cooper*, 1 *Johns. Chan. Rep.* 429; and 1 *Phill. Evid.* 448.

The opinion of the court was delivered by
DORSEY, J. The appellees, *John R. Thomas*, and *Catharine* his wife, filed their bill in the court of chancery against *Henry Wesley*, and others, alleging that *Aquila Pumphrey*, the former husband of *Catharine*, the female complainant, being indebted to several persons to the amount of one hundred dollars, on judgments obtained against him on warrants, applied to the defendant, *Wesley*, to join as a security in superseding the said judgments, and that *Wesley* agreed to do so on condition that *Pumphrey* would give him an indemnity. The bill then proceeds to state, *that the deed of mortgage exhibited with the bill, was executed* to secure *Wesley* against *the payment of the said judgments, and for no other purpose.* It is alleged in the bill, that the judgments were discharged by *Pumphrey*, and that the negroes mentioned in the deed of mortgage remained in the possession of the said *Pumphrey*, and the complainant, *Catharine* his administratrix, until three of them were replevied by *Wesley*. The bill prays that a writ of *ne exeat regno* may issue against *Wesley*, and his securities in the replevin bond, and that the deed may be delivered up to be cancelled.

The deed exhibited with the bill, is executed by *Pumphrey*, and in consideration of $200 conveys to *Wesley*, and his executors, four negroes, to be defeasanced on the payment of $200, to be paid by the bargainor to the bargainee. The defendant, *Wesley*, by his answer, denies that the deed was executed as an indemnity as alleged by the complainants, but affirms that it was given for the purpose of securing $200 due from *Pumphrey* to him. A commission issued, under which evidence was taken by the complainants, proving that *Wesley* had in various conversations acknowledged that the deed was executed for the purpose stated in the bill, and that nothing was due to him from *Pumphrey*. The late chancellor by his decree, ordered that the deed should be cancelled, and from this decree *Wesley* has appealed; and this court are of opinion, that the decree of the chancellor must be reversed, as parol proof was inadmissible under the pleadings to reform the contract as evidenced by the deed executed by *Pumphrey* to *Wesley*. By the rule of the common law, independent of the statute of frauds and perjuries, parol proof is inadmissible to contradict, add to, or vary the terms of a written agreement. This principle is founded in the wisest policy, it guards the chastity of written contracts against all interpolations, by considering the agreement as furnishing the best evidence of the intention of the parties. It therefore shuts out all inquiry into parol proof which can give a different sense to the instrument. It has been judicially said, "that men's deeds and wills, by which they settle their estates, are laws which private men are allowed to make, and they are not to be altered, even by the king in his court of law or conscience," and the rule, as a general one, is equally applicable to a court of equity. It is most true, that the court of chancery, in the exercise of its moral jurisdiction as it has been emphatically termed, will upon the proof of fraud, mistake, or surprise, raise an equity, by which the agreement of the parties shall be rectified. To cite many cases on this subject would be useless, as fraud and mistake are acknowledged branches of equitable jurisdiction. As where on the loan of money, it was proposed that the borrower should give an absolute deed to be defeasanced by an instrument to be executed by the lender, who refused to give a defeasance after he had got possession of the deed—Lord *Nottingham*, after the

enactment of the statute. of frauds and prejudices, upon, parol proof of the fraud, rectified the deed by considering, it as a mortgage. 1 *Eq. Ca. Ab.* 20. *Filmer vs. Gott,* 4 *Brown's Parl. Ca.* 230. So if a clause of redemption be omitted, through fraud, to be inserted in a deed granting annuity, a court of equity would reform the agreement, by parol evidence *aliunde. Irnham vs. Child,* 1 *Brown's. Ch. Rep.* 92. The cases in which courts of equity have admitted parol proof for the purpose of rectifying mistakes in written agreements, are numerous. In *Simpson vs. Vaughan,* 2 *Atk.* 31, Lord *Hardwicke,* on the ground of mistake, gave relief by considering a joint bond as a joint and several one; and the same principle is established in *Bishop, vs. Church,* 2 *Ves.* 101; and *Thomas vs. Frazier,* 3 *Ves.* 400 and 401. In *Baker vs. Paine,* 1 *Ves.* 457, the Lord Chancellor relieved against a mistake in articles of agreement, and his lordship observed, "how can a mistake in articles of agreement be proved, but by parol proof. It is not read to contradict the face of the agreement which the court would not allow, but to prove a mistake therein." In *Langley vs. Brown,* 2 *Atk.* 195, Lord *Hardwicke* says, mistakes and misapprehensions in the drawers of deeds, are as much ahead of relief as fraud and imposition. And Lord *Eldon,* in *Townshend vs. Strangroom,* 6 *Ves.* 328, remarks, that it would be very singular if the jurisdiction of the court should not be capable of being applied to cases of mistake and surprise, as well as of fraud.

The court do not mean to intimate an opinion how far it would be competent for a complainant, who seeks a specific execution of a contract, to offer parol proof of fraud or mistake for the purpose of proving that the parties intended to give a different sense to the instrument from that which it imports. On this point *Woollam vs. Hearn,* 7 *Ves.* 211, and *Higginson vs. Clowes,* 15 *Ves.* 516, may be consulted. But it must be remembered, that although relief can be had in equity against a deed or contract in writing, founded in fraud or mistake, still it is essential that the fraud or mistake should be alleged in the bill as the ground and object of parol proof. It is essential, on every principle of correct pleading, that that which gives jurisdiction to the court should be distinctly and substantially alleged. If you call in the aid of a court of equity to relieve against a fraud or mistake, you must aver that the contract sought to

be reformed, imports a different sense from that which the parties designed to give it, and that this was the result of fraud or mistake. The complainants should have stated in their bill the real agreement between *Pumphrey* and *Wesley*, and that through fraud or mistake the deed im-, ports a contract different from that which the parties had entered into. It is not sufficient to state that the mortgage deed was given for the purpose of indemnifying *Wesley* against his suretyship. For if the parties voluntarily choose to express themselves in the language of the deed, they must be bound by it. From aught that appears on the face of the bill, the mortgagor and mortgagee did agree, that the deed should be executed in the form that it bears; and to permit them to prove by parol evidence a different intent, from that which they had deliberately and explicitly declared, would be to prostrate the best established rules of evidence; and under the adoption of such principles, testimony extrinsic the instrument, would in every case be admissible to substitute a new agreement in the place of the one which had been deliberately executed. See *Irnham vs. Child*, 1 *Bro. Ch. Ca.* 93. *Simpson vs. Vaughan*, 2 *Atk.* 31.

DECREE REVERSED WITHOUT PREJUDICE.