GEORGE W. GROVE, Insolvent Trustee of SAMUEL LYNCH, vs ANDREW RENTCH.

JURISDICTION IN EQUITY : PLEADING IN EQUITY: FRAUD AND MISTAKE : INSOLVENT : INSOLVENCY.—Although relief can be had in equity against a deed or contract in writing founded in fraud or mistake, still, it is essential that the fraud or mistake should be alleged in the bill as the ground and object of parol proof. "It is essential upon every principle of correct pleading that that which gives jurisdiction to the Court should be distinctly and *substantially* alleged."

It is not necessary, however, that the fraud or mistake should be alleged "*in totidem verbis,*" the charge may be substantially made by stating the facts from which the fraud or mistake would be necessarily implied.

Courts of Equity derive their jurisdiction from the facts alleged, not from the terms used in the setting out the fact.

Pleadings in Equity are not framed with the same precision and technical exactness as at law. Facts are often indirectly alleged or expressed by implication.

——: ——: ——: ——: PAROL EVIDENCE TO IMPEACH AN INSTRUMENT OF WRITING,—WHEN ADMISSIBLE : DEED ABSOLUTE,—WHEN TO BE TAKEN AS A MORTGAGE. —The bill of complaint of G. W. G. alleged that he was duly appointed and qualified as the trustee in insolvency of L., and that L. had executed and de-

Grove, Trustee of Lynch, *vs.* Kentch.

livered to him the usual deed of all his property; that in 1858, L. being engaged in boating on the Ches. & Ohio Canal, and owner of certain mules, boats, &c., executed to A. R. a bill of sale of a portion of the same, worth two thousand dollars, to secure the repayment to A. R. of a loan of $512.61 ; that the bill of sale was absolute on its face, but intended to operate as a mortgage, with the understanding that if A. R. should find it necessary to sell said property, he should account to L. for the proceeds of sale after payment of the principal and interest of his debt; that L. was permitted to retain the possession and control of the property until his application in insolvency ; that at the time of executing the bill of sale, L. was largely indebted to sundry persons in Allegany and Washington counties, and after its execution, but before it was recorded, several of the creditors of L. obtained judgments and levied executions on the property conveyed without knowledge of the bill of sale, while the property was in the possession of L., which levies were still subsisting and unsatisfied ; that after the said application of L., A. R. took possession of the property mortgaged, claiming it as his absolute property, and sold a part of it for $900, and refused to account with L. in conformity with the alleged agreement. The bill prayed the bill of sale should be declared a mortgage, and that A. R. should be ordered to account with L. for the proceeds of the sale.—HELD :

1st. That the allegations of the bill are sufficient to give jurisdiction to a Court of Equity, and if proved, to entitle the complainant to relief.

2nd. That the gravamen of the bill does not consist in the omission of the parties to the bill of sale, to execute a mortgage instead of an absolute bill of sale, but that having executed an absolute conveyance, with the express understanding that it should be only nominally, not actually so, the grantee when called to account for the proceeds of the property sold by him, had repudiated the verbal agreement. The alleged fraud arises from conduct subsequent to the execution of the instrument.

3rd. That the general rule, that parol contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument, is confined to the parties to the instrument.

4th. That G. W. G. is, in contemplation of law, a stranger to the instrument; he takes *"virtute officii"* in the *"post"* for the benefit of the creditors of the insolvent.

5th. That the effect of the proceedings in the Insolvent Court was to throw upon the trustee, G. W. G., all the right, title, interest and estate of the petitioner, L., in law or in equity, in the property or effects which he owned, including the equity of redemption in any property mortgaged or pledged, whether returned in his schedule or not, and to impose on him the duty of prosecuting and recovering all sums due to the petitioner for the benefit of his creditors.

6th. That the facts of this case combined constitute the *indicia* of fraud by which Courts of Equity are usually induced to grant relief.

7th. That the bill of sale must be considered as a mortgage; that E. R. should account for the proceeds of the property, with interest from the time of the sale, and after satisfying the principal and interest due for his mortgage debt, up to the time of the account, pay the balance to G. W. D.

APPEAL from the Circuit Court for Washington county.

The bill in this cause was filed by the appellant, as insolvent trustee of Samuel Lynch, against the appellee, to have a certain bill of sale, executed by the said Lynch to the appellee, declared to be a mortgage for the security of money owing by said Lynch to the appellee, and requiring the appellee to account for the property conveyed to him by the said bill of sale, and which came into his possession.

The allegations of the bill and the facts of the case are stated in the opinion of this Court. The Court below, ( WEISEL, J.,) by its decree, dismissed the bill of complaint, and the complainant brought this appeal.

The cause was argued before BOWIE, C. J., and BARTOL, and GOLDSBOROUGH, J.

*R. H. Alvey* for the appellant.

1. Were this a controversy between Lynch and Rentch, the original parties to the bill of sale, the former would be allowed, in a Court of Equity, to introduce parol evidence to shew the real object and purpose of the instrument, and that it was given simply as security for money advanced.

And the only allegation required to let in such proof, is that a loan or security was really intended, and that the defendant sets up the loan as a payment of the purchase money, and the conveyance as an absolute sale. Such allegation is made by the complainant in his bill, and the facts, if proved, amount to and constitute fraud. This proposition would seem to be well established by the cases of *Dougherty vs. McColgan*, 6 *G. & J.*, 275. *Morris vs. Nixon*, 1 *How.*, 118. *Russell vs. Southard*, 12 *How.*, 139. *Babcock vs. Wyman*, 19 *How.*, 289. *Taylor vs. Luther*, 2 *Sumner*, 228, 232, 233.

But this is a proceeding instituted by the insolvent trustee of the grantor, and who is a stranger to the instrument

representing the rights and interests of the creditors of such grantor, and, therefore, entitled upon every principle of reason and policy, to show through the medium of parol evidence, the real character and design of the transfer, and that it is to the prejudice of the creditors whom he represents. He is in no way estopped or precluded from introducing such evidence to evolve the truth of the allegations of his bill. 1 *Greenlf. Ev.*, sec. 279. 1 *Poth. Obl.*, by *Evans*, p. 4, c. 2, *Art.* 3, n., (766.) *Gardner vs. Lewis*, 7 *Gill*, 378, 397, 402. *Waters vs. Dashiell*, 1 *Md. Rep.*, 455. *Bank of Alexandria vs. Herbert*, 8 *Cr.*, 36. See, also, 11 *M. & W.*, 531, 533.

2. That the proof in the cause shows the transaction between Lynch and Rentch to have been a loan or advance of $512 by the latter to the former, on the security furnished by the bill of sale; and that it was so understood and intended by the parties, and was not designed as an absolute irredeemable sale and transfer of the property mentioned in said bill of sale, for the price stated. And if so, the instrument can have no greater effect than a mortgage to secure the amount advanced. *Ing vs. Brown et al.*, 3 *Md. Ch. Dec.*, 521.

"A transaction constituting a mortgage cannot be converted into *a sale*, and lenders of money being less under the pressure of circumstances calculated to control the free exercise of the judgment than borrowers, they may often be tempted to avail themselves of that advantage, in order to obtain inequitable bargains. The leaning of Courts of Equity, therefore, is against them, and doubtful cases have generally been decided to be mortgages. "The inquiry is, and must always be, whether the contract in the particular case is a clear, actual sale, or a security for a debt due, or for the repayment of money lent?" 6 *G. & J.*, 281.

The circumstances of the case show, that there was no actual sale intended. There was no negotiation for the

sale and purchase of the property, no discussion as to its value, the property was not present, Rentch was a wealthy farmer, and in no manner engaged in the business for which the property was intended and adapted, and therefore had no intention of taking the property into his own use and control, nor did he take it into his possession until after Lynch applied for the benefit of the insolvent law. Lynch continued to hold and use the property after the bill of sale, as he had done before.

The only question at the making of the bill of sale was, as to what form or character of instrument would be most effectual as a security, and most likely to deceive Lynch's creditors, and to secure the property against their molestation. If there had been a contract for an absolute sale and purchase, why should the parties have advised with the magistrate in reference to the instrument, "whether it should be a mortgage or a bill of sale?"

In connection with these pregnant circumstances, is to be considered the further fact of the grossly inadequate price. And in reference to this latter fact, the Supreme Court, in *Russell vs. Southard*, 12 *How.*, 148, say: "In examining this question, it is of great importance to inquire whether the consideration was adequate to induce a sale.

"When no fraud is practised and no inequitable advantages taken of pressing wants, owners of property do not sell it for a consideration manifestly inadequate, and, therefore, in the cases on this subject, great stress is justly laid upon the fact, that what is alleged to have been the price, bore no poportion to the value of the thing said to have been sold." *Conway vs. Alexander*, 7 *Cr.*, 241. *Morris vs. Nixon*, 1 *Cow.*, 126. *Vernon vs. Bethell*, 2 *Eden*, 110. *Oldham vs. Halley*, 2 *J. J. Marsh*, 114. *Edrington vs. Harper*, 3 *J. J. Marsh*, 354. *Taylor vs. Luther*, 2 *Sumner*, 229. *Flagg vs. Mann*, *Id.*, 487.

3. The testimony of Lynch is supposed to be in conflict with the affidavit required of him when obtaining the benefit of the insolvent law, and that it is not entitled to credence. But while it is insisted, that this attempt to impeach his evidence is neither founded in charity nor justice, it must not be forgotten, that the truth of his testimony is strongly corroborated by the circumstances of the case, and by the direct evidence of McClain, whose statement in connection with the nature of the transaction, as shewn upon its face, would be sufficient to impress it with the character imputed to it by the complainant.

Lynch's testimony, however, which is admitted in the opinion of the Court below to be strong against the absolute character of the bill of sale, cannot, upon any just presumption, be disregarded or refused its full weight. Upon such apparent conflict, under the circumstances of this case, to presume that the witness has committed wilful perjury, is more than the Court would be justified in doing upon any established principle. *Ing vs. Brown & Brannan*, 3 *Md. Ch. Dec.*, 521. *Sargent vs. Gile*, 8 *N. H.*, 325.

4. If the transaction be taken upon the footing of an absolute sale, the facts and circumstances of the case make out, and establish fraud, to an extent that would avoid the bill of sale altogether as against the creditors of Lynch. The case has many of the strongest badges of fraud, and these, in connection with the gross inadequacy of price, which is always regarded as pregnant evidence of fraud, establish the conclusion to reasonable certainty. That the creditors of Lynch have been hindered and delayed is beyond dispute.

5. If the instrument in question be regarded as a mortgage, then it became operative as against the creditors of Lynch, only from the time of recording, and, as is shewn by the proof, the property embraced in the conveyance having been levied on by several of the creditors, before

the recording, such levies of course have priority of the mortgage. *Act of* 1856, *ch.* 154, *sec.* 142. He also cited *Glenn vs. Von Kamph*, 2 *G. & J.*, 132. *Beatty vs. Davis*, 9 *Gill*, 211. *Adam's Eq.*, 420, 421.

*William T. Hamilton* for the appellees.

The first matter to be considered, is the exceptions filed by the appellee to the testimony of Lynch and McClain, and other testimony adduced to show that the bill of sale was intended as a mortgage.

No fraud, surprise, accident or mistake was alleged in the bill, but it is a bill filed simply to change the character of a legal and solemn instrument by parol testimony. It is well settled in this State, that in order to obtain such relief the bill must allege fraud or mistake. It is essential, in order to give jurisdiction, that the charges be distinctly made. It must be averred that the contract sought to be reformed imports a different sense from what the parties designed, and that this was the result of fraud or mistake. *Wesley vs. Thomas*, 6 *H. & J.*, 24. *Watkins vs. Stockett*, *Id.*, 435. *Showman vs. Miller*, 6 *Md. Rep.*, 479. *Tome & Wife vs. Shannon*, 19 *Md. Rep.*, 297, 312. *Hertle vs. McDonald*, 2 *Md. Ch. Dec.*, 128. Same case in 3 *Md. Rep.*, 366. *Thompson vs. Banks*, 2 *Md. Ch. Dec.*, 431. Same case, *Id.*, 138.

2. Parol evidence is inadmissible to contradict, add to or vary a written instrument, unless fraud, mistake, accident or surprise is charged. *Bend. vs. Susquehanna B. & B. Co.* 6 *H. & J.*, 128. *Hardesty vs. Jones*, 10 *G. & J.*, 404, 416. *McElderry vs. Shipley et al.*, 2 *Md. Rep.*, 25. *Ellinger vs. Crowl, &c.*, 17 *Md. Rep.*, 361. *Tomes & Wife vs. Shannon*, 19 *Md. Rep.*, 297, 312. *Bank of Westminster vs. Whyte*, 1 *Md. Ch. Dec.*, 537. *Hall vs. Clagett*, 2 *Md. Ch. Dec.*, 151. *Notley Young's Estate*, 3 *Md. Ch. Dec.*, 461.

*Hill on Trustees*, 235.   *Washbnrn on Real Estate*, 508 to 511.   4 *Kent*, 143.

3. The insolvent trustee represents the creditors and the insolvent in all his relation to his property ; but this does not vest him with the extraordinary power of disregarding all the forms and requirements of law in proceedings either upon his part, or on the part of the creditors, or the insolvent.   A creditor can attack the deed ; it is only required that the trustee be a party, and he may be made a party defendant.   When, however, the trustee, in common with any individual creditor, or any other person, desires to attack the deed or instrument of writing, it must be by the necessary and proper averments, and be sustained by the proper proof.   In all such cases the same principles of law and the same rules of evidence apply.   A different rule would imperil deeds—would impair their solemnity and destroy all source of security in them.   Whenever an insolvent trustee or a creditor has attacked deeds or instruments of writing, it has been always done, in this State, upon his proper averments.   *Bank of Westminster vs. Whyte*, 1 *Md. Ch. Dec.*, 537.   *Thompson vs. Banks*, 2 *Md. Ch. Dec.*, 431. Same case, *Id.*, 138.

4th. The testimony of Owen McClain, the Justice of the Peace, is inadmissible.   His testimony impeaches his official act.   *Bank of Fred. vs. Copeland*, 18 *Md. Rep.*, 305.

5th. Upon all the facts of the case, and assuming for the present that all the testimony is admissible, the decree of the Court below, in dismissing the bill of the appellant, ought to be affirmed.

6th. But taking the testimony of Lynch and McClain as of some account, and then in its most adverse form, it would only establish a conditional sale, and not a mortgage. Such sales are acknowledged as contradistinguished from mortgages, and with no stronger circumstances.   *Hickes vs. Hickes*, 5 *G. & J.*, 25.

Grove, Trustee of Lynch, *vs.* Rentch.

7th. As to the value of the property conveyed, and disparity between that and the consideration, they may be used as badges of fraud. But fraud is not in this cause. It cannot be used to reflect upon intention at the execution of the instrument. But the evidence does not exhibit such disparity as would reflect in either aspect.

Bowie, J., delivered the opinion of this Court.

The points in this cause turning somewhat upon the frame of the bill, as well as its matter, it is necessary to ascertain the material allegations. The bill shows that the appellant, the complainant below, on the 26th of September, 1859, was appointed trustee of Samuel Lynch, an insolvent petitioner, was duly qualified, and the petitioner executed and delivered the usual deed of all his property to the trustee.

It is further averred, that the petitioner being engaged in boating on the Chesapeake and Ohio Canal, was, in 1858, the owner of two boats, eleven mules, gear, harness, &c., and being greatly embarrassed, borrowed of Andrew Rentch, the appellee, the sum of $512.61, for which he executed to Rentch a bill of sale for the said eleven mules and a canal boat, the "Mehaffy," which was executed to secure the payment of the money and designed and intended by the parties thereto, at the time of its execution, as and to have the operation of a mortgage, *although it was absolute on its face.* That it was contemplated at the time that Lynch should repay the money, and if it became necessary for Rentch, in order to make the money, to sell, he should account to Lynch for all or so much as remained after payment of the principal sum and interest. That the property included in the bill of sale was of the value of two thousand dollars, and Rentch, understanding that the bill of sale was intended as a mortgage, permitted the property to remain in Lynch's possession, and allowed him to use

Grove, Trustee of Lynch, vs. Rentch.

and control it as his own until after his application for the benefit of the insolvent laws.

It is further alleged, that at the time of executing the bill of sale, Lynch was largely indebted to sundry persons in Allegany and Washington counties, and after the execution, but before it was recorded, several of the creditors of Lynch obtained judgments and levied executions on the property conveyed, without knowledge of the bill of sale, while the property was in possession of Lynch, and which levies are still subsisting and unsatisfied.

The bill further charges, that after Lynch applied for the benefit of the insolvent laws, Rentch took into his possession the property mortgaged, (except some of the mules which had died,) and claimed the same as his absolute property, and afterwards sold a part thereof for the sum of nine hundred dollars, and refuses to account with the insolvent trustee, claiming the absolute property in the chattels aforesaid, which pretence and claim is to the manifest wrong and prejudice of the creditors of Lynch, and contrary to the true intent and purpose of the bill of sale. Wherefore the complainant prayed the bill of sale may be declared to be what in fact it was intended to be, a mortgage for the security of the money due and owing to the mortgagee, Rentch, and that he may account, &c., and for other and further relief. The respondent's answer denies all the material allegations of the bill, particularly that the bill of sale was intended to secure money loaned, but avers it was an absolute deed in consideration of money paid as therein set forth. A general replication was filed, commission issued, testimony taken and returned, and the bill upon final hearing dismissed, from which decree this appeal is taken.

The appellee's objections are first to the form of the bill, insisting it is wanting in such material averments as are necessary to give jurisdiction to a Court of Equity. That

neither fraud, surprise, accident, or mistake, is alleged ; "it is simply a bill to change the character of a legal and solemn instrument by parol testimony."

This is virtually a demurrer to the bill, and if well founded and taken in time would be unanswerable, for although relief can be had in equity against a deed or contract in writing, founded in fraud or mistake, still it is essential that the fraud or mistake should be alleged in the bill as the ground and object of parol proof. "It is essential, upon every principle of correct pleading, that that which gives jurisdiction to the Court should be distinctly and *substantially* alleged." 6 *H. & J.*, 28. *Watkyns vs. Stockett, Ibid.*, 445. *Timms & Wife vs. Shannon,* 19 *Md. Rep.*, 312.

It is not necessary, however, that the fraud or mistake should be alleged "*in totidem verbis,*" the charge may be substantially made by stating the facts from which the fraud or mistake would be necessarily implied. Courts of Equity derive their jurisdiction from the facts alleged, not from the terms used in setting out the fact.

Pleadings in equity are not framed with the same precision and technical exactness as at law. Facts are often indirectly alleged or expressed by implication. 19 *Md. Rep.*, 375. 14 *Md. Rep.*, 73.

In this case the allegations are sufficient to give jurisdiction to a Court of Equity, and if proved, to entitle the complainant to relief. The gravamen of the bill does not consist in the omission of the parties to the bill of sale, to execute a mortgage instead of an absolute bill of sale, but that having executed an absolute conveyance with the express understanding that it should be only nominally, not actually so, the grantee, when called to account for the proceeds of the property sold by him, should repudiate the verbal agreement.

The alleged fraud arises from conduct subsequent to the

48    vol. 26

execution of the instrument. The answer insists that the bill of sale was absolute, and refuses to account on that ground.

The general rule that parol contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument, is confined to the parties to the instrument, "as they alone are to blame if the writing contains what was not intended, or omits that which it should have contained. It cannot affect third persons, who, if it were otherwise, might be prejudiced by things recited in the writings contrary to the truth, through the ignorance, carelessness or fraud of the parties; and who, therefore, ought not to be precluded from proving the truth, however, contradictory to the written statements of others. *Green-leaf Ev.*, sec. 279. 6 *Md. Rep.*, 57. 2 *Gill*, 409. The appellant is in contemplation of law a stranger, he takes *"virtute officii,"* in the "post," for the benefit of the creditors of the insolvent. "The trustee becomes the mere officer of 'the law, designated not by the insolvent, but by the Court, to effect what the law designs, and nothing more. *Waters vs. Dashiell*, 1 *Md. Rep.*, 471.

The effect of the proceedings in the Insolvent Court, was to throw upon the appellant all the right, title, interest and estate of the petitioner, in law or in equity, in the property or effects which he owned, including the equity of redemption in any property mortgaged or pledged, whether returned in the schedule or not, and to impose on him the duty of prosecuting and recovering all sums due to the petitioner for the benefit of his creditors. *Alexander vs. Ghiselin*, 5 *Gill*, 138. 1 *Md. Rep.*, 472. The testimony, independently of that of the petitioner, Lynch, in our opinion, sustains the allegations of the bill. There is intrinsic as well as extrinsic proof that the consideration of the bill of sale was grossly inadequate. It is shown that the instrument was executed when the grantor was harass-

ed by creditors with a view to avoid their claims, with the express understanding the property should be reconveyed when the money was repaid. The grantor was allowed to retain possession of the property for nearly a year, and carry it into an adjoining county, if not out of the State, and was not dispossessed until he had actually petitioned. All these features combined, constitute the *indicia* of fraud, by which Courts of Equity are usually induced to grant relief.

In the interim between the execution of the bill of sale and its registration, some of the creditors of the grantor obtained judgments against him in an adjoining county, and levied upon a part of the property conveyed whilst in the grantor's possession.

These levies are still outstanding and unsatisfied. The power of the sheriff to sell is suspended by the proceedings in insolvency. The creditors can only have relief through the agency of the trustee.

The property itself has been converted into money by the appellee.

Under these circumstances, we think it is incumbent upon him to account for the same, the bill of sale should be considered as a mortgage, and the proceeds of the property, after satisfying the principal and interest due the mortgagee, up to the time of the account, should be paid to the appellant, the appellee to be charged with the interest from the time of the sale.

*Decree reversed and cause remanded for further
proceedings, with costs to the appellant.*