# W. MELBOURNE HART *v.* GEORGE L. WAGNER, JR., ET UX.

[No. 40, October Term, 1944.]

*Decided December 8, 1944.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, MELVIN, BAILEY, CAPPER and HENDERSON, JJ.

*W. Melbourne* for the appellant.

*J. Purdon Wright* and *W. Frank Every,* submitted on brief, for the appellees.

MELVIN, J., delivered the opinion of the Court.

The bill of complaint in this case was filed by the appellant in Circuit Court No. 2 of Baltimore City, seeking an injunction to restrain the appellees from maintaining an alleged nuisance affecting the use and enjoyment of appellant's residence property in Baltimore City. The appellee's demurrer to this bill was sustained by the chancellor,

42

without leave to amend, and the bill dismissed. The present appeal is from that decree.

The sole question here is, therefore, whether or not the allegations of the bill of complaint are sufficient to entitle the appellant to relief in equity by way of injunction.

These allegations are, in substance, that the appellant is the owner and occupant of property, No. 4302 Roland Avenue, Baltimore City, which he acquired by inheritance from his mother on October 13, 1938; that the respondents (appellees) are the owners and occupants of the property designated as No. 4306 Roland Avenue, which they acquired in 1921; that immediately in the rear of said properties there is situated an alley, twelve feet in width, and laid out for the use in common with other property owners abutting thereon; that the respondents (appellees) "habitually burn trash, leaves and other inflammable matter in the aforesaid alley in a careless manner and in violation of law, and leave the dust and ashes caused by the aforesaid fires in the said alley to be blown later by the wind into and upon the property owned and occupied by your orator, and constitute a nuisance."; "that the aforesaid burning endangers Your Orator's property and depreciates the value thereof by damaging the paint on both the inside and outside of his property by the smoke and the dust and ashes which permeate the air while the burning is in progress, and for days after each unlawful burning, and also furniture and wallpaper and other personal property in the home owned and occupied by Your Orator as aforesaid."

There is no affidavit to this bill of complaint, and this is one of the grounds of demurrer relied on by the appellees. The other grounds are the formal ones that the facts alleged fail to constitute a cause of action entitling the complainant to any relief in equity, and also that he has a full, complete and adequate remedy at law. With this demurrer there was filed an answer, under oath, denying all of the material allegations of the bill. The

case was disposed of by the chancellor by sustaining the demurrer and dismissing the bill, without leave to amend, as above stated.

There is no doubt as to the correctness of the ruling on the demurrer. If for no other reason, the bill was demurrable because of its lack of verification. As stated by this Court in *Fowble v. Kemp*, 92 Md. 630, 639, 48 A. 379, 382: "The general rule with regard to the verification of a bill of complaint praying for an injunction is thus stated in [*Union*] *Bank v. Poultney*, 8 Gill & J. 332, *Nusbaum v. Stein*, 12 Md. 318, and *Mahaney v. Lazier*, 16 Md. 73: 'To warrant a court of equity in issuing the injunction, strong *prima facie* evidence of the facts on which the complainant's equity rests must be presented to the court to induce its action'." See also *Smith v. Shiebeck*, 180 Md. 412, 416, 24 A. 2d. 795.

This rule was further affirmed in *Block v. Baltimore*, 149 Md. 39, 58, 129 A. 887, in which case, as in the one at bar, a demurrer to the bill of complaint was sustained, without leave to amend, and the bill dismissed. One of the grounds given for this action was that the bill was not sufficiently verified. This applies with equal force in the instant case, for there was no affidavit to the bill or any other form of verification.

The other grounds for the demurrer, however, present more serious difficulties.

The bill of complaint attempts to set up a case for injunction on the basis of a private nuisance by charging, in effect, that the respondent's are habitually committing acts which deprive the complainant of the reasonable enjoyment of his own property and cause injury to it. Although facts necessary to support that theory of equity jurisdiction are but meagerly alleged in the bill, the theory itself is unquestionably sound and it is sufficient if the facts be substantially stated. *Wesley v. Thomas*, 6 Har. & J. 24, 28; *Watkins v. Stockett's Adm'r*, 6 Har. & J. 435; 445; *Timms v. Shannon*, 19 Md. 296, 312, 81 Am. Dec. 632. Pleadings in equity are not framed with the

same precision and technical exactness as at law, and it has been observed that "facts are often indirectly alleged or expressed by necessary implication." *Bolgiano v. Cooke,* 19 Md. 375; *Gayle v. Fattle,* 14 Md. 69, 73; *Grove v. Rentch,* 26 Md. 367. The one prerequisite is that the bill should state the facts with reasonable clearness and accuracy, so that the defendant may be informed of the nature of the case he is called on to answer. *Baltimore & O.. R. Co. v. Latimer,* 118 Md. 183, 84 A. 377. "General certainty" in equity pleadings is all that is necessary. *Story's Eq. Pl.,* Sec. 252, 3; *Mewshaw v. Mewshaw,* 2. Md. Ch. 12. In this connection it is also pointed out in the last cited authority that while there may be cases in which it is quite proper for parties to resort to demurrer, "this mode of defense is viewed with suspicion and disfavor, as indicative of an unwillingness to meet the plaintiff's case. *Story's Eq. Pl.,* Sec. 454; Note 4."

In the case at bar the respondents admit, through their demurrer to the bill, that they are habitually burning trash, leaves and other inflammable matter "in a careless manner and in violation of law" in the alley adjoining the residence of the complainant, endangering and damaging his property and constituting a nuisance. A conspicuous omission from the bill is any allegation as to personal discomfort or injury to health, although it is stated by appellant, both in his brief and in his oral argument on appeal, that the nuisance complained of made living in his home "almost intolerable because their (appellees') acts deprived them of the comfortable enjoyment thereof." Whether or not the present averments of the bill and their reasonable implications, if duly proven, are sufficient to invoke the restraining power of a court of equity is the question now before us.

The general principle applicable to this inquiry is well recognized and is thus stated by Judge Alvey in the leading case of *Adams v. Michael,* 38 Md. 123, 126, 17 Am. Rep. 516: "The power to interfere by injunction to restrain a party from so using his own property as to de-

stroy or materially prejudice the rights of his neighbor, and thus enforce the maxim, 'sic utere tuo ut alienum non lædas,' is not only a well established jurisdiction of the Court of Chancery, but is one of great utility, and which is constantly exercised." The Court in that case had before it an application for injunction to restrain the threatened erection of a factory in a dwelling house section, which factory, is was alleged, would become a nuisance if allowed to be erected. Although the injunction, there was refused it was only because, the court stated, that it was unable to determine from the facts alleged whether the nuisance would have been of the nature and character supposed and would consequently have subjected the complainants to substantial damages. There was no question in that case as in the one at bar, of repeated or habitually recurring acts constituting the alleged nuisance, but it was, rather, a question of a real injury and substantial damages because of the proposed erection of a permanent factory building. The case involved a prospective or threatened nuisance and the court pointed out that "the general rule is that an injunction will only be granted to restrain an actually existing nuisance." In that same opinion Judge Alvey quoted with approval the following observations of Lord Romilly, M. R., in the case of *Crump v. Lambert*, 15 W. R. 417, L. R. 3 Eq. Causes, 409, which enunciate the principle applicable to the case at bar: "There is, I apprehend, no distinction between any of the cases, whether it be smoke, smell, noise, vapors or water, or any gas or fluid. The owner of one tenement cannot cause or permit to pass over, or flow into, a neighbor's tenement any one or more of these things in such a way as materially to interfere with the ordinary comfort of the occupier of the neighboring tenement or so as to injure his property." "The real question in all the cases is the question of fact, vis: whether, the annoyance is such as materially to interfere with the ordinary comfort of human eixstence." See also *Chappell v. Funk*, 57 Md. 465; *Dittman v. Repp*, 50

Md. 516, 33 Am. Rep. 325; *Fertilizer Co. v. Spangler,* 86 Md. 562, 568, 39 A. 270; *Hendrickson v. Standard Oil Company,* 126 Md. 577, 585, 95 A. 153; *Washington Cleaners & Dyers v. Albrecht,* 157 Md. 389, 395, 146 A. 233.

The general rule as to what constitutes a nuisance is thus stated in 20 R. C. L., "Nuisance," page 380: "The decisions establish that the term 'nuisance' in legal parlance extends to everything that endangers life or health, gives offense to the senses, violates the laws of decency or obstructs the reasonable and comfortable use of property."

The appellees here contend, however, that the appellant has a full, complete and adequate remedy at law and that if he has any complaint at all he should have "turned for relief to the enforcement of the provisions of the city ordinances prohibiting the committing of nuisances in the alleys of the city." If, under the allegations of the bill, this were a public nuisance, the complainant's remedy would necessarily be by indictment, but such is not the case here. The principles applicable to private nuisances are the ones that apply, and these are clearly set forth in the case of *Block v. Baltimore,* 149 Md. 39, 59, 129 A. 887, 894, and in cases there cited.

The nuisance there was of an aggravated nature incident to the transfer of Baltimore city's garbage to a reduction company's plant on a creek in Anne Arundel County. One of the results of this operation was the giving off of offensive and noxious fumes, vapors, smoke and dust, which prevented the comfortable enjoyment by the complainants of their residence properties. It was contended there, as it is here, on a demurrer to the bill that the complainants had an adequate and complete remedy at law. In disposing of this contention this Court, through Judge Offutt, said: "The appellees also contend that it appears from the bill that the appellants have an adequate and complete remedy at law, and that for that reason, they are not entitled to relief in a court of equity, but we do not agree with that proposition. It is

true that they could bring an action at law for such damages, if any, as they may have suffered as a result of the alleged nuisance, and that they could have perhaps applied to the state board of health for its abatement. But those remedies are obviously insufficient to meet such a case as this. The appellants might, in an action at law, be sufficiently compensated for any depreciation in the value of their property, but it would be difficult, if not impracticable, for them to recover definite and adequate compensation for such intangible injuries as loss of sleep, nausea, or even for the impairment of their health. Such damages would be hard to prove and harder to measure. *Woodyear v. Schaefer,* 57 Md. 1, 40 Am. Rep. 419." See also *Townsend Grace & Co. v. Epstein,* 93 Md. 537, 557, 49 A. 629, 633, wherein a suit for injunction was filed alleging irreparable injury to plaintiff's lot by the obstruction of the light and air caused by the defendant's building. There it was contended that the complainant's only redress was by way of a suit or suits at law for consequential damages. In rejecting this contention, the court pointed out that the obstruction was a continuing one and that, although the plaintiffs were entitled to recover damages at law for the injury and loss to which they were subjected, they could not recover for the whole damage, past and prospective, in one suit, but only for damages to the time of suit brought. "These damages," the court said, "would be difficult to estimate, and in any one case would be comparatively trivial. In seeking redress at law, therefore, they would be driven to a multiplicity of vexatious and unprofitable suits and continuous litigation. To tell them that this is the only redress they can have, would be to say that all the law can do for them is to aggravate the nuisance from which they are already suffering."

The court also quotes in this connection from *Elliott on Roads and Streets* at page 497, where speaking of the phrase "irreparable injury," it said: "It does not necessarily mean, as used in the law of injunction, that the

injury is beyond the possibility of compensation in damages nor that it must be very great. And the fact that no actual damages can be proved so that in an action at law the jury could award nominal damages only, often furnishes the very best reason why a court of equity should interfere in cases where the nuisance is a continuous one." See *Smith v. Shiebeck, supra; Universal, etc., Corp., Inc. v. Felser,* 179 Md. 635, 640, 22 A. 2d 448; *Annotated Code* (1939 Ed.), Art. 16, Sec. 92.

While the injuries complained of in the case at bar and the indicated consequential damages are undoubtedly very much less than those in the cases cited, the difference is one of degree and not of kind, and the same general principles of equity apply to all cases coming within this classification of nuisance.

The appellees rely strongly on their contention that certain city ordinances would afford relief to the complaint from the alleged nuisance. The one ordinance to which appellees refer is Article 16, Section 148, of the Baltimore City Code (1927 Ed.). That is codified under the title "Nuisances and the prevention of Diseases." In the instant case the bill does not allege, or even suggest, that the nuisance complained of has any relation to the subject of "disease," so that the ordinance referred to is irrelevant.

The only other ordinances that could have any possible application to the case at bar are the two which are mentioned by the appellant himself in his brief, namely, Section 203 of Article 16 and Section 164 of Article 45 of the Baltimore City Code. The first of these two has reference solely to the emission or discharge of black or dark smoke from smokestacks or chimneys within the city limits, and the other, under the title "Pavements— Protection," makes it unlawful for any person to make, or cause to be made, any fire on any sheet asphalt, block or any improved cobblestone pavement on any street, lane or alley in the city. It is not clear from the bill that either of these ordinances could be invoked to abate the particular nuisance alleged here.

In support of their contention that the municipal ordinances of Baltimore City would provide an adequate remedy for the injuries complained of, the appellees rely upon the case of *Bonaparte v. Denmead,* 108 Md. 174, 69 A. 697. There the complaint was that a stable on the side of an alley in Baltimore City opposite one end of the plaintiff's apartment house was being maintained in an unsanitary manner, that offensive and unhealthy odors arose therefrom and that there was noisy conduct and profane language of stablemen which caused annoyance and danger to the tenants in the plaintiff's apartment house. It is to be noted that in that case the defendants did not demur to the bill of complaint but fully answered it, so that the case was submitted to the chancellor on bill, answer and testimony. The court found that there were certain ordinances applicable to the facts of that case which did provide an adequate remedy, at least in the first instance, for all the annoyances complained of. These ordinances were specifically named and their relevancy pointed out. This conclusion was only reached, however, after a thorough examination of all the facts in the case as produced by both sides, thus distinguishing it from those cases where the chancellor had under consideration only the allegations of the bill, as admitted by demurrer.

The most significant part of the court's opinion in the Bonaparte case, insofar as it affects the principle involved in the case at bar, is the following quotation from *Hyatt v. Myers,* 73 N. C. 232, and its emphasis upon the words therein italicized: "If a man chooses to live in town, he must take the inconveniences of noise, dust, flies, rats, smoke, soot, cinders etc., caused in the use and enjoyment of his neighbor's property, provided the use of it is for a *reasonable purpose,* and the *manner of using it* is such as not to cause any *unnecessary damage or annoyance to his neighbors.*" [108 Md. 174, 187, 69 A. 702.]

The bill of complaint in the instant case points to this very charge against the appellees of *"unnecessary dam-*

*age or annoyance,"* and while the allegations, as now stated, are lacking in that fullness and definiteness of expression which would justify the granting of an injunction, they are sufficient to justify the court, on this appeal, in remanding the case for further proceedings so that an opportunity may be afforded the compainant to amend his bill. This procedure is expressly authorized by the Code (Article 5, Section 42, Flack's Ed., 1939), in these words:

"If it shall appear or be shown to the Court of Appeals that the substantial merits of a cause will not be determined by the reversing or affirming of any decree or order that may have been passed by a court of equity, or that the purposes of justice will be advanced by permitting further proceedings in the cause, either through amendment of any of the pleadings or the introduction of further evidence, making additional parties, or otherwise, then the Court of Appeals, instead of passing a final decree or order, shall order the cause to be remanded to the court from whose decision the appeal was taken, and thereupon such further proceedings shall there be had by amendment of pleadings, or further testimony to be taken, or otherwise, as shall be necessary for determining the cause upon its merits, as if no appeal had been taken in the cause, and the decree or order appealed from had not been passed, save only that the order or decree passed by the Court of Appeals shall be conclusive as to the points finally decided thereby."

The principle and spirit of equity would be better served, in our opinion, by applying this statutory procedure to the instant case than by sustaining the decree, summarily and finally dismissing the bill, without leave to amend, and without even attaching to the dismissal the reservation "without prejudice" to the rights, if any, of the complainant.

As stated by the court in *Block v. Baltimore,* 149 Md. at page 60, 129 A. at page 894, these rights may be either at law or in equity, according to the facts as they may

be found and appropriately presented. It would, therefore, not be in order for equity to deny relief, unalterably, in a situation indicated by the bill of complaint now before us. See *Roser v. Slade,* 3 Md. Ch. 91; *Chaney v. Tipton,* 11 Gill & J. 253.

It is to be borne in mind, of course, that the final disposition of a case such as this is largely in the discretion of the chancellor, subject to well-defined general principles of equity jurisprudence, and that it is incumbent upon the complainant to present a statement of facts, duly verified, which would show to the court a continuing or constantly recurring nuisance from which the suitor cannot obtain adequate relief through ordinary legal channels. He may successfully invoke the extraordinary powers of equity, through injunction, in no other way. The ruling on this appeal simply affords him the opportunity to meet this test, if he can.

*Cause remanded, without affirmance or reversal, under Code, 1939, Art. 5, Sec. 42, with costs to appellant.*