# DAVID W. CHERTKOF TRUST *v.* DEPARTMENT OF NATURAL RESOURCES AND ANNE ARUNDEL SOIL CONSERVATION DISTRICT

[No. 301, September Term, 1971.]

*Decided April 7, 1972.*

The cause was argued before HAMMOND, C. J., and BARNES, McWILLIAMS, FINAN and SMITH, JJ.

*Alan I. Baron,* with whom were *Sachs & Baron* on the brief, for appellant.

*Warren K. Rich, Special Assistant Attorney General,* with whom was *Francis B. Burch, Attorney General,* on the brief, for appellees.

FINAN, J., delivered the opinion of the Court.

The David W. Chertkof Trust (Chertkof), property owner and appellant, brings this appeal from an order of the Circuit Court for Anne Arundel County, sitting in equity (Childs, J.), sustaining the demurrer of the Department of Natural Resources, an agency of the State of Maryland, and the Anne Arundel Soil Conservation District, a governmental subdivision of the State of Maryland, defendants below and appellees, and hereafter collectively referred to as the State, to the bill of complaint filed by Chertkof requesting injunctive relief.

Chertkof in its bill states that it owns a tract of land in Anne Arundel County consisting of approximately $33\frac{1}{3}$ acres and that parallel to the northern boundary of this property is a tributary of Curtis Bay known as Cabin Branch which runs along the property for about 3,500 feet, until it passes under the Baltimore and Annapolis Boulevard through a box culvert with an aperture of approximately 3.8 feet by 10.2 feet. Chertkof further alleges that the State has adopted Cabin Branch as an integral part of the storm water system of Anne Arundel County and that the State is currently in the process of constructing a series of storm drains and culverts which: (1) will increase the velocity of water run off into Cabin Branch; (2) will increase the volume of water run off into Cabin Branch; (3) will increase the sediment load carried by Cabin Branch; and (4) will result in an increased effective drainage area served by Cabin Branch. The petition also alleges that the result of current construction of culverts and storm drains will be the flooding of Chertkof's adjacent property, as well as the flooding of the Baltimore and Annapolis Boulevard due to the inadequate box culvert. It becomes significant to note that the petition states that, "At the confluence of Cabin

Branch and a tributary, where the end of a channel currently under construction by the defendants is to be located, "* * * the drainage area is approximately 760 acres."

The relief sought essentially calls upon the State to control and correct the potential flood conditions it is artificially creating by channelizing Cabin Branch and enlarging the box culvert.

The State's demurrer challenged the legal sufficiency of the bill of complaint on two grounds; (1) that Chertkof's request for an injunction was anticipatory since no actual damage was alleged, and (2) that Chertkof had not exhausted its administrative remedies. The chancellor expressly recognized the validity of both of these challenges in sustaining the demurrer and they form the issues now before us on appeal. We prefer to discuss them in an order inverse to that presented above.

Chertkof claims that there were no administrative remedies open to it. We do not agree with this. Code (1971 Supp.) Art. 96A, Sec. 12 (a), requires that all parties, including the State or any political subdivisions, wishing to change the course, current or cross-section of any stream must first obtain a permit from the Department of Water Resources of the State of Maryland. Other provisions in the statute, which we will later discuss, establish a method whereby an aggrieved party may obtain an administrative review of the Department's actions. However, Chertkof claims that the Cabin Branch Project is exempted from this requirement by the last phrase of Section 12 (a) which provides, "* * * nor shall it apply to drainage systems designed exclusively for the purpose of collection, conveyance or disposal of storm water."

In response to this argument, the State contends that the Department of Water Resources by virtue of Water Resources Regulation 3.5.02C, among the regulations promulgated by that body, has determined that drainage areas of over 400 acres do not fall within the exemption of Section 12 (a) of Article 96A. The reason given for

this is that under Regulation 3.5.02, titled "When Permits are Not Required," (the exemption section), subsection C exempts: "Storm drainage systems built by or under permit from County or City concerned and draining less than 400 acres." By the very allegations of Chertkof's bill of complaint the Cabin Branch project drainage area contains some 760 acres, clearly beyond the purview of the regulatory exemption.

In argument before this Court the point was made as to whether the Department of Water Resources by the promulgation of a regulation could modify Section 12 (a) of Article 96A. We agree that Section 5 (d) of Article 96A, clearly states the general rule of law that the Department may "not change or modify any law enacted by the General Assembly." However, the Department contends that it has not done this by the enactment of Regulation 3.5.02C. It reasons that the exemption from the permit requirement for drainage systems collecting or disposing of storm water, as provided by Section 12 (a), was not intended to apply to anything but storm water, whereas, when the drainage area concerned is in excess of 400 acres the problem presented is not that of collecting or disposing of storm water but rather one of flood control, which, it contends, is a different matter. It is on this premise that it maintains that Regulation 3.5.02C does not modify or change any existing statutory provision. Realizing the expertise which the Department is recognized as bringing to the determination of such matters, we agree with the logic of this argument. Article 96A, Section 3.

Accordingly, the State is required to obtain a permit for the construction of the Cabin Branch project as required by Section 12 (a) of Article 96A and should Chertkof care to object to the issuing of the permit or the manner and means in which the work is to be performed, Section 54 of Article 96A (1971 Supp.) provides, that:

"Any person or party aggrieved by a final de-

cision of the Department, whether such decision is affirmative or negative in form, or by any rule or regulation of Department may appeal to the Board of Review of the Department of Natural Resources as provided for in Article 41. * * *." [Article 41, Sections 244 through 256 (1971 Repl. Vol.) contains the "Administrative Procedure Act."]

In view of what we have stated, we are of the opinion that Chertkof has failed to exhaust the administrative remedies available to it. In *Gingell v. County Commissioners*, 249 Md. 374, 239 A. 2d 903 (1968), we recognized that where a statute provides a remedy, that remedy usually must be followed, stating:

"* * * The reasons for requiring the exhaustion of administrative remedies before resorting to the courts are that it is within the expertise of the administrative agency involved to hear and consider the evidence brought before it and make findings as to the propriety of the action requested; courts would be performing the function that the legislature specified be done by the administrative agency; courts might be called on to decide issues that would never arise if the prescribed administrative remedies were followed; * * *." 249 Md. 376-377.

See also *Hartman v. Prince George's County*, 264 Md. 320, 324-325, 286 A. 2d 88 (1972) ; *Spintman v. C. & P. Telephone Co.*, 254 Md. 423, 428, 255 A. 2d 304 (1969) ; and 2 Md. L. Rev. 185, at 209, *Administrative Law in Maryland*, by The Hon. Reuben Oppenheimer, a former member of this Court.

The second and final issue to be disposed of is whether the demurrer was properly sustained on the basis that Chertkof did not support its claim for irreparable damage and not having sustained any actual damage at the time of the filing of the petition its action was premature.

Since we have already concluded that the demurrer should have been sustained on the basis that Chertkof had not exhausted its administrative remedies, the issue which we are presently discussing would appear to be academic, however, we deem that it best be disposed of for the future guidance of the appellant.

The bill of complaint addresses itself entirely to future or potential damages. Nowhere within the bill is there any assertion that actual damages have occurred as a result of the alleged inadequacy of the size of the culvert. The bill contains no allegation as to how extensive is the flood plain on Chertkof's property or the extent of the anticipated flooding in relation to it. The bill is couched in the most general and indefinite language and is at most complaining of future potential injury. Indeed, there is nothing in the bill to indicate how far the project has progressed. We think Judge Childs properly held that the bill did not state grounds for the mandatory injunction requested. *Hart v. Wagner*, 184 Md. 40, 45, 40 A. 2d 47 (1944) ; *Mayor and Council of Salisbury v. Camden Sewer Co.,* 135 Md. 563, 569, 573, 109 A. 333 (1920) ; *Johnston v. Glenn,* 40 Md. 200 (1874) ; *Adams v. Michael,* 38 Md. 123, 128, 129 (1873).

> *Order affirmed, appellant to pay costs.*