SCHNEIDER *v.* PULLEN, STATE SUPERINTENDENT OF SCHOOLS, ET AL., CONSTITUTING MARYLAND STATE BOARD OF EDUCATION

[No. 161, October Term, 1950.]

*Decided May 23, 1951.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

*Jacob Blum,* with whom was *Sidney Blum* on the brief, for the appellant.

*Kenneth C. Proctor, Assistant Attorney General,* with whom was *Hall Hammond, Attorney General,* on the brief, for the appellees.

MARBURY, C. J., delivered the opinion of the Court.

Appellant, individually, and trading as City Barber Schools, filed his bill of complaint in the Circuit Court of Baltimore City against the State Superintendent of Schools and the Maryland State Board of Education, asking for a declaration that Section 14(a) of Article 77, as amended by Chapter 489 of the Acts of 1947, is void and unconstitutional, and that proposed rules and regulations issued by the State Superintendent of Schools

under this statute are invalid. He also asked for an injunction to restrain the defendants from enforcing any provisions of the act, and for further relief. Respondents demurred, the demurrer was sustained to complainant's amended bill, and the bill was dismissed with costs. From that decree the case was appealed here.

Appellant has been since 1913 the proprietor of a barber school, teaching the barber trade and conducting a barber shop for the use of the students of his school. He sues on behalf of himself and all others similarly situated, and he contends that Section 14(a) of Article 77 is in violation of the Maryland Declaration of Rights and the Constitution of the United States, because it is an improper delegation of a legislative function and deprives him of his property rights without due process of law.

Section 14(a) was first adopted by Chapter 1043 of the Acts of 1945, and by the title of that act it is intended to provide "for the certification and regulation of private trade schools which operate a program of trade and/or technical education * * * or which will give pre-employment or supplementary training in certain occupational fields * * *". Chapter 489 of the Acts of 1947, which enacts Section 14(a) in its present form, states in its title that its purpose is to provide "with certain restrictions that every school or educational institution charging tuition or fees for attendance must secure a certificate of approval from the State Superintendent of Schools". In the body of the statute, it is provided that: "* * * every private school or educational institution, however designated, which charges tuition or fees for attendance, and which offers a program of college, professional, preparatory, high school, junior high school, elementary, kindergarten, or nursery school work, or any combination thereof, or which offers a program of trade or technical education, or both, or which gives pre-employment or supplementary training, or both, in the fields of trade or industry, and any and

every private school or educational institution charging tuition or fees for attendance, except those operated by bona fide church organizations, must secure a certificate of approval issued by the State Superintendent of Schools, before it may begin or continue to operate or function in this State." There is a *proviso* that this shall not have any application to a school or college now operating under a charter granted by the Legislature.

The act further provides that the State Superintendent of Schools shall issue a certificate of approval "to any applicant operating or proposing to operate such a private school or educational institution whose conditions of entrance, scholarship, educational qualifications, standards and facilities are adequate and appropriate for the purposes, program, training and courses to be taught or given therein." This certificate may be revoked by the State Board of Education. Any applicant who has been denied a certificate is given a hearing before the State Board of Education, and, if the decision of that body is adverse, he can appeal to the circuit court of the county, or the Superior Court of Baltimore City. There is a further right of appeal to this court on the question of denial or revocation of a certificate. The act also provides that there shall be no other remedy in any other courts by way of mandamus, injunction, certiorari, or otherwise.

The Legislature cannot, of course, interfere with the judicial process by depriving litigants from raising questions involving their fundamental rights in any appropriate judicial manner, nor can it deprive the courts of the right to decide such questions in an appropriate proceeding. We have consistently held that where a special form of remedy is provided, the litigant must adopt that form and must not by-pass the administrative body or official, by pursuing other remedies. We have, however, been careful to point out that where constitutional questions are involved, the litigant has the right to raise them in a court of equity, and such court has the right to consider them. That is true whether the

question is raised in an ordinary suit for injunction, or in a bill for a declaratory decree. *Kahl v. Cons. Gas Co.,* 191 Md. 249, 258, 60 A. 2d 754. *Commissioners of Cambridge v. Eastern Shore Public Service Co.,* 192 Md. 333, 64 A. 2d 151. *Francis v. MacGill,* 196 Md. 77, 75 A. 2d 91. *Kracke v. Weinberg,* 197 Md. 339, 79 A. 2d 387. Appellant has a special interest in bringing this proceeding because he is engaged in the business of operating a trade school, and therefore must, under the terms of the statute, obtain a permit. He does not have to apply for this permit, and then, if it is refused, take the various appeals outlined in the statute, in order to raise the constitutional question of the validity of the act as a whole. That has been raised by a proceeding in equity in many cases. *Gordon v. Montgomery County,* 164 Md. 210, 164 A. 676. *Kracke v. Weinberg, supra.* The appellant had the undoubted right to raise the questions he does as to the constitutionality of the statute by means of the bill in equity he filed.

The main contention of the appellant is that the act is an unlawful delegation of legislative power because it provides no definite standards by which the State Superintendent of Schools is to be guided in issuing his regulations and in granting permits. It is, of course, a well-recognized rule that there must be guides and standards given to an administrative body or official where he has to grant permits or make regulations. The acts which established Section 14(A) as part of the education laws of the State cover all kinds of schools, including trade schools. It is said that some regulation was necessary because many mushroom schools of various characters sprang up in order to take advantage of government subsidies given to veterans of World War II. To cover all types of trade schools, as well as other educational institutions, there could be no one set of standards prescribed, but that need not invalidate the delegation of power if the general standards, broad though they may be, are sufficiently explicit to limit the State Superintendent of Schools in his actions, and

not permit him to exercise arbitrary power. The wording, already. quoted, from Sub-section (b) is that the schools must have conditions of entrance, scholarship, educational qualifications, standards and facilities adequate and appropriate for the purposes, program, training and courses to be taught. The rules and regulations authorized by Section (d) are to be not inconsistent with the sub-title, and are to supplement and implement the purposes and provisions thereof.' In the case of *Baltimore v. Bloecher and Schaaf*, 149 Md. 648, 132 A. 160, an ordinance of the Mayor and City Council of Baltimore was sustained, which authorized the health commissioners to condemn meat which was "unfit for human food". That was held to be a sufficient standard under the circumstances. Similar broad language was held sufficient in *Tighe v. Osborne*, 150 Md. 452, 133 A. 465, 46 A. L. R. 80. Education, as of this time and place, is not the same as it was many years ago. *Clauss v. Board of Education*, 181 Md. 513, 523, 30 A. 2d 779. Trade schools of many kinds are now included in the public system. We think the standards prescribed for so broad a subject are sufficiently definite for us to hold that the statute is not subject to constitutional objection on this ground.

Appellant also contends that barber shops cannot be regulated except in so far as the health and safety of the public is concerned, and that barber schools may be regulated only to the same extent. He cites in that connection the case of *Schneider v. Duer*, 170 Md. 326, 184 A. 914, which involved the same appellant and the same school as that before us in the present case. That case, however, was concerned with an act establishing the Board of Barber Examiners of the State of Maryland, and it was held that the requirements of that act, so far as barbers were concerned, were arbitrary and did not constitute a reasonable approach to a lawful and chosen work. That case is clear authority for the power of regulation, although the method in that case was held invalid.

In the case before us, the appellant also attempts to attack the rules and regulations proposed by the State Superintendent of Schools, which he files as exhibits. We do not think, however, these regulations can be considered in such a proceeding as this. The appellant does not allege that he has applied for a permit, or that he could not obtain a permit under these regulations, or that he could not comply with them. He has his remedy if he cannot obtain a permit under them by taking the appeals already outlined, and in such appeals he can raise the question of the unreasonableness or arbitrary nature of these rules, or any of them. And, when he is given notice of the passage of such regulations, he is entitled to a hearing before the State Superintendent of Schools, and before the State Board of Education. (Subsection (d)). In such hearings, he has ample opportunity to raise any objections he may have to the validity or the necessity of the regulations proposed. With respect to these regulations, as distinguished from the act itself, he is obligated to adopt the statutory procedure outlined, and cannot by-pass it.

Since we find no error in the action of the chancellor, his decree will be affirmed.

*Decree affirmed with costs.*