## GAGER *v.* KASDON

[No. 141, September Term, 1963.]

8

*Decided March 4, 1964.*

The cause was argued before HENDERSON, HAMMOND, MARBURY and SYBERT, JJ., and DUCKETT, J., Associate Judge of the Fifth Judicial Circuit, specially assigned.

*John C. Gager,* in proper person, for the appellant.

*Hillel Abrams,* for the appellee.

Duckett, J., by special assignment, delivered the opinion of the Court.

This case questions the validity of a tax sale in Montgomery County.

Appellant, John Chapman Gager, was the owner of Lot 17, Block 23, Glen Echo Heights, Seventh Election District, Montgomery County, containing 13,125 square feet and assessed at $1,970. The taxes for 1960 were unpaid so the property was sold by the Collector of Taxes at public auction to the appellee, Lawrence I. Kasdon for $110.64 on June 12, 1961.

As appellant neglected to redeem within one year, appellee on June 28, 1962 filed a bill of complaint to foreclose all equity of redemption in the Circuit Court for Montgomery County. Defendant-appellant first filed a demurrer which was heard and overruled by Judge Pugh on September 5, 1962 with the right to the defendant Gager to answer within 15 days. An answer was thereafter duly filed by the defendant, together with an objection to the petition or bill of complaint.

The matter was heard by Judge Shook in open court on May 7, 1963 and that court in its decree of May 9th found that the plaintiff had sustained his bill of complaint and that the defendant had failed and refused to redeem his property or prove the allegations in his answer and therefore decreed that all rights of redemption in and to the property were forever foreclosed and the plaintiff, Lawrence I. Kasdon, vested with an absolute and indefeasible title to said property. An appeal was duly filed from this decision.

It is unfortunate that appellant's case was not tried by a lawyer because most of his contentions were not properly raised in the lower court so could not be considered by that court or by this Court on appeal. For instance, appellant contends that the 1960 assessment of $1,970. was grossly excessive while it appears from the evidence that there was no protest or appeal from that assessment. It necessarily follows that as appellant has not exhausted his administrative remedies, the question cannot be collaterally attacked in these proceedings. In other

words, where an administrative remedy is provided by statute, such remedy should be exhausted before judicial relief is sought. See cases collected in 1 M.L.E., *Administrative Law and Procedure,* § 6.

Likewise, appellant contends that he was denied permission or an opportunity to redeem his property but he offered no evidence in substantiation thereof. In fact, the evidence which was offered showed that appellant was given several opportunities to redeem but neglected to do so. (Plaintiff's Exhibits Nos. 2, 3 and 4—Appellee's Appendix, pgs 1-2.)

This Court in *McGarvey v. Southern Municipal Corp.,* 218 Md. 591, 147 A. 2d 725, has recently reviewed many of the Maryland cases on the sufficiency of tax sale descriptions. Ordinarily, the rather brief descriptions contained in the tax rolls are sufficient, while the general rule is that the advertisement of a tax sale must describe the property with reasonable certainty. Appellant stresses the above point in his brief and argument in this Court but he failed to introduce any testimony on the point below, nor does the record disclose the description used by the Collector at the time the property was advertised and sold. The point was therefore not properly raised for our decision.

Other points raised by the appellant have been considered but found to be without merit.

*Judgment affirmed, with costs.*