## GINGELL *v.* BOARD OF COUNTY COMMISSIONERS FOR PRINCE GEORGE'S COUNTY, MD.

[No. 146, September Term, 1967.]

*Decided April 2, 1968.*

The cause was argued before HAMMOND, C. J., and HORNEY, MARBURY, McWILLIAMS and FINAN, JJ.

*John A. Buchanan,* with whom were *W. Carroll Beatty, David A. McNamee* and *C. L. Fossett, Jr.,* on the brief, for appellant.

*Barry S. Cramp,* with whom were *Lionell M. Lockhart, Harry L. Durity, James J. Lombardi, Martin Hertz, James F. Sharkey, David G. Ross* and *Albert J. Lochte* on the brief, for appellee.

MARBURY, J., delivered the opinion of the Court.

This appeal from the Circuit Court for Prince George's County is concerned with the validity of a zoning classification placed on part of the appellant's property included in a 1949 comprehensive zoning ordinance.

The subject property, known as 8510 Baltimore Avenue, College Park, Prince George's County, Maryland, is situated in the Twenty-first Election District of Prince George's County. It is a rectangular lot approximately 125 feet by 300 feet and contains 37,500 square feet. The plaintiff-appellant is fee simple owner of the property as surviving widow of L. C. Gingell, deceased. The zoning classification complained of does not include the entire lot but only a portion in the rear, being about 75 feet by 125 feet in area.

In January of 1928, the plaintiff's husband filed a petition to have the entire lot zoned "Commercial D", the equivalent of the present C-2 (General Commercial) classification. In January of 1929 this petition was approved. On November 29, 1949, the defendant-appellee adopted a comprehensive zoning ordinance that, among other things, changed the classification of the above described portion of the appellant's property from C-2 to R-R (Rural Residential). On March 3, 1967, the appellant filed a bill of complaint seeking to have the Circuit Court, under Code (1957), Article 31A declare the 1949 zoning to be "an unlawful taking of Plaintiff's private property for public use" and also to issue an injunction against the defendant, "restraining said Defendant from interfering with the use by Plaintiff of the westerly portion of the subject property, measuring 75 feet by 125 feet, as property zoned for the C-2 (Gen-

eral Commercial) use." The appellee demurred to the bill of complaint for the reason, inter alia, "That Plaintiff has failed to avail herself of current administrative remedies provided by statute in zoning matters." A hearing on the demurrer was held before Judge Powers, who subsequently issued an opinion and order sustaining the demurrer and dismissing the bill of complaint. It is from that order that this appeal was taken.

In her brief and oral argument the appellant recognizes the rule enunciated in the recent case of *Poe v. Baltimore City*, 241 Md. 303, 308, 216 A. 2d 707 (1966) where this Court said:

> "There are few absolutes in the law, and the rule that an administrative remedy must be exhausted before recourse is had to the courts is not one of them. However, an analysis of our decisions shows that, while the principle may not bar court action under certain circumstances, the rule generally applies where the constitutional issue raised goes, not to the validity of the zoning ordinance as a whole, but to its application in a particular case, and where the administrative remedy is adequate."

In this case, as in *Poe,* the validity of the ordinance as a whole is not attacked but only its validity as applied to the appellant's property. The appellant, however, attempts to remove herself from the ambit of the rule by claiming that there is no adequate administrative remedy available to her since a court is the only governmental authority that may declare the reclassification of her property unconstitutional. This overlooks the fact that the decision of the zoning authority is subject to the review of the courts, which can ultimately rule on the constitutionality of the action of the zoning authority, in this instance, the Board of County Commissioners of Prince George's County sitting as a district council. *Baltimore City v. Borinsky,* 239 Md. 611, 212 A. 2d 508; *Pallace v. Inter City Land Co.,* 239 Md. 549, 212 A. 2d 262. The reasons for requiring the exhaustion of administrative remedies before resorting to the courts are that it is within the expertise of the administrative agency involved to hear and consider the evidence brought before it and make findings as to the propriety of the action re-

quested; courts would be performing the function that the legislature specified be done by the administrative agency; courts might be called on to decide issues that would never arise if the prescribed administrative remedies were followed; and where a statute provides a specific form of remedy in a specific case then this remedy must be followed, Code (1957), Article 31A, Section 6; *Poe v. Baltimore City, supra.* As before stated, such findings are ordinarily subject to review by the courts.

In the instant case, the appellant could have appealed the action of the Board by virtue of Section 30.41 of the zoning ordinance of the Maryland-Washington Regional District, enacted by the Board of County Commissioners of Prince George's County, sitting as a District Council, November 29, 1949, which provided that "Action by the District Council on any proposed Zoning Map Amendment shall, after thirty (30) days, be *final* and not subject to reconsideration, except through the filing of a new application." While the appellant did not see fit to avail herself of the remedies available to her and the time for seeking these remedies has long since expired, nevertheless her administrative remedies are not yet exhausted and she may petition the zoning authority to have her property reclassified.

In view of what we have said with reference to the appellant's failure to exhaust her administrative remedies, we need not consider her contentions that the appellee's action was an unlawful attempt to depress the value of her property so that it could be acquired in the future at a depreciated market price; that its actions constituted a deprivation of use or enjoyment amounting to an eminent domain taking of private property without compensation, or that the Board's action was unreasonable, discriminatory and arbitrary legislative action bearing no substantial relation to the exercise of the police power.

We think the chancellor was correct in sustaining the demurrer and dismissing the bill of complaint.

*Order affirmed, appellant to pay the costs.*