THE COMMISSIONERS OF POOLESVILLE *v.*
COUNTY COUNCIL OF MONTGOMERY
COUNTY, MARYLAND ET AL.

[No. 370, September Term, 1974.]

*Decided January 16, 1975.*

The cause was argued before GILBERT, MENCHINE and MOORE, JJ.

*Thomas J. Walker, Jr.,* with whom were *Goldburn & Walker* on the brief, for appellant.

*John B. Walsh, Jr., Assistant County Attorney, Donald H. Noren* and *Paul M. Vettori,* with whom were *Richard S.*

*McKernon, County Attorney for Montgomery County*, and *Alfred H. Carter, Deputy County Attorney for Montgomery County*, on the brief, for appellees.

GILBERT, J., delivered the opinion of the Court.

The Commissioners of Poolesville, a body corporate and politic, filed in the Circuit Court for Montgomery County (County), a bill of complaint for a declaratory decree in which Poolesville alleged that it was harmed by the County's failure to include Poolesville's plan for sewage and water within the County's ten year comprehensive sewage and water plan. The ten year plan adopted by the County is required to be so adopted and submitted to the State Department of Health and Mental Hygiene (Department) for the Department's approval, disapproval or revision. Md. Ann. Code art. 43, § 387C. Apparently cognizant of the general rule that an action for declaratory relief may not be brought in the courts until administrative remedies, where applicable, are exhausted, *see Gingell v. County Commissioners*, 249 Md. 374, 239 A. 2d 903 (1968), Poolesville interlaced within its bill allegations of the unconstitutionality of Md. Ann. Code art. 43, § 387C. The County, pursuant to Md. Rule 323, promptly raised preliminary objection by motion. In its motion, the County suggested that the Department was a necessary party to the suit. Following a hearing on the motion, Judge Walter H. Moorman upheld the County's position and dismissed Poolesville's complaint, with leave to amend. Thereafter, Poolesville amended its bill of complaint and named the Department as an additional party defendant. The relief sought in the amended bill was substantially the same as that prayed in the original bill.

The County, in its answer to the amended bill, denied Poolesville's allegations, but the Department, in a motion raising preliminary objection, contended that the Circuit Court was without jurisdiction for the reason that Poolesville had not exhausted its administrative remedies. Judge Joseph M. Mathias agreed with the position of the

Department and granted its motion. The judge then dismissed the bill. Poolesville appealed.

In 1969 the County adopted a ten year plan for water and sewage disposal. As of January 1973 the County amended its 1969 plan, and, by that amendment, allotted to Poolesville a maximum daily sewage discharge of 250,000 gpd.[1] Under the provisions of then Md. Ann. Code art. 43, § 387C (b) 1. (I)[2] the County could make such revisions from time to time in the plan as it deemed necessary to accomplish the plan's objectives and policies. County plans "shall incorporate all or part of subsidiary plans of the towns, municipal corporations and sanitary districts within the county to the extent that such inclusion shall promote the public health, safety and welfare. . . . "[3] Md. Ann. Code art. 43, § 387 (b) 2.

I

It is axiomatic that courts will not address themselves to the constitutionality, *vel non*, of a statute if there is any reasonable basis upon which the case may be otherwise decided. *Middleman v. Md.-Nat. Comm.*, 232 Md. 285, 192 A. 2d 782 (1963); *Jeffers v. State*, 203 Md. 227, 230, 100 A. 2d 10 (1953); *Tyler v. The State*, 93 Md. 309, 314, 48 A. 840 (1901).

In the instant case we view Poolesville's constitutional attack as no more than a vehicle by which they seek to escape the administrative review provided by Md. Ann. Code art. 41, § 206B *et seq.* In order to bolster its position that it was properly in the Circuit Court, Poolesville relies upon *Tanner v. McKeldin*, 202 Md. 569, 97 A. 2d 449 (1953) wherein the Court of Appeals opined at 577:

---

1. The unit "gpd" is the measurement of *gallons per day* of sewage discharge.

2. This section was amended as of July 1, 1974. The changes, however, would not affect this opinion. The legislative action called additionally for a plan dealing with "a systematic program for the collection and disposal of litter, refuse or other solid wastes."

3. Laws 1974, ch. 619, effective July 1, 1974 added "privately owned facilities and local, state and federal agencies having existing, planned or programmed development" after the words "sanitary districts" and before the words "with the county".

" . . . [W]here a statute provides a special form of remedy, the plaintiff should use that form rather than some other, although a constitutional issue *may* be decided in a suit for . . . a declaratory judgment or decree before the time arrives for using the statutory remedy, *provided that there is no danger of by-passing the administrative agency.*" (Emphasis supplied).

The *Tanner* Court forbade the very thing Poolesville seeks to do, *i.e.*, circumvent, through a declaratory action, the administrative agency.

Poolesville directs us to *State Health Dep't v. Walker*, 238 Md. 512, 209 A. 2d 555 (1965). We find that case to be inapposite. There the Court of Appeals noted a procedural defect, and the defect led the Court to affirm the issuance of a writ of mandamus which required the State Health Department to issue certain permits. The defect was that no statutory provision existed for a hearing or review of the Department's action, inaction or abuse of discretion. Such is not the case now before us. The Legislature, obviously aware of the Court's decision in *Walker*, provided in Laws 1969, ch. 77, § 1 for the review procedure codified as Md. Ann. Code art. 41, § 206B.

*Montgomery Co. v. Citizens B. & L. Assn.*, 20 Md. App. 484, 316 A. 2d 322 (1974), also relied upon by Poolesville, is both factually and legally inapposite. There we declined to invoke the doctrine of exhaustion of administrative remedies because we perceived it would have required a person to apply to the County Sign Review Board which Board was without "discretion to permit a variance for hardship cases", and was thus devoid of authority to grant the relief sought. In the instant case the Department is empowered to grant the relief Poolesville seeks.

II

Md. Ann. Code art. 43, § 387C (b) 1. (I) provides:

"(b) *Adoption of county plans; subsidiary plans;*

*contents of plans.* — 1. (I) The governing body of each county shall, adopt and submit to the Department, a county plan dealing with water supply systems and sewerage systems no later than January 1, 1970, and a complete county plan dealing also with solid waste disposal systems and solid waste acceptance facilities no later than January 1, 1974; and shall from time to time submit amendments or revisions of such plan, as it deems necessary or as may be required by the Department provided said governing body shall give notice to the principal elected official of any municipal corporation concerned, who shall be granted an opportunity to be heard with respect to such plans, amendments or revisions, and after said governing body has given reasonable opportunity for a public hearing to be held thereon."

A County plan is defined by § 387C (a) to mean:

"1. . . . a comprehensive plan and all amendments and revisions thereof for the provision of adequate water supply systems and sewerage and solid waste disposal systems and solid waste acceptance facilities throughout the county to include all towns, municipal corporations, and sanitary districts therein."

Under the provision of § 388 of art. 43, the Department has conferred upon it "general supervision and control over the waters of the State insofar as their sanitary and physical condition affect the public health or comfort." The Department is also charged with the responsibility of investigating "all sources of water and ice supply, and all points of sewage discharge." *Id.* Section 388 provides in part:

"It shall examine all existing public water supplies, sewerage systems and refuse disposal plants, and shall have power to compel their operation in a manner which shall protect the public health and comfort, . . ."

If the Department finds that a county or municipality is not in compliance with § 388, it may, under §§ 391 and 392 of art. 43, order alterations or extensions to the existing system or plan.

It could be argued, of course, that Md. Ann. Code art. 43, § 387C (b) 1. (I) might be utilized by the County to impugn the zoning ordinances of Poolesville. If the County can, as here, adopt a plan controlling the water use and sewage discharge of a municipality, it may thwart Poolesville's growth, thus directly affecting zoning. Be that as it may, the statute, *i.e.*, Md. Ann. Code art. 43, § 387C (f) provides:

> *"Conflict with other laws.* — The provisions of any zoning ordinance, subdivision regulation, building code, or other law of the State or any regulation adopted thereunder or any law, ordinance or regulation of any municipality or county of the State, establishing standards to which afford greater protection to the public health, safety and welfare of the community, shall not be limited or superseded to the extent of its or their greater protection by regulations adopted pursuant to this section." [4]

It is clear from a reading of § 387C (f) that the General Assembly of Maryland intended that all laws, ordinances and regulations of municipalities, counties or the State itself that impose "greater protection" than § 387C are not limited or superseded. It logically follows that those ordinances, regulations and laws that provide less protection than § 387C are limited or superseded. The State, acting through the Department, has elected to control growth, at least to the extent that such growth adversely affects water and sewage disposal. The Legislature, however, did not leave municipalities devoid of a remedy. Municipalities may seek redress before the Department and, finally, if necessary, before the courts.

We think Poolesville must comply with Md. Ann. Code

---

**4.** This section was amended in Laws 1974 so as to delete the preposition "to" after the word "standards" and before the word "which".

art. 41, § 206B *et seq.* and exhaust its administrative remedies before it can seek a judicial review. As we see it, Poolesville is an aggrieved party within the meaning of Md. Ann. Code art. 41 by virtue of the Department's action of March 6, 1973 approving the Montgomery County Council's Resolution No. 7-1020, the amendment to the ten year water and sewage plan.

The Court of Appeals in *Gingell v. County Commissioners,* *supra,* set forth the reasons why there must be an exhaustion of administrative remedies before redress is sought in the courts. The Court, speaking through Judge Marbury, said at 376-377:

> "... [I]t is within the expertise of the administrative agency involved to hear and consider the evidence brought before it and make findings as to the propriety of the action requested; courts would be performing the function that the legislature specified be done by the administrative agency; courts might be called on to decide issues that would never arise if the prescribed administrative remedies were followed; ... [The agency's] findings are ordinarily subject to review by the courts."

The ultimate relief sought by Poolesville, *videlicit,* the inclusion within the County plan of the 600,000 gpd, in lieu of the 250,000 gpd, may upon review by the Department's Board of Review be effected, and if such an occurrence took place, this case would be rendered moot. On the other hand, should the Department's Board of Review accept the County's plan or revise it [5] so as to include less than the daily gallon discharge for which Poolesville opts, the town is at liberty to pursue the administrative remedies, as provided in the statute, Md. Ann. Code art. 41, § 206B *et seq.,* before seeking judicial review.

---

5. Under the existing law, not applicable at the time of the decision in this case by the Circuit Court, the Department may "make a revision" in the County plan. The authority to make such a revision is contained in Laws 1974, ch. 619, effective July 1, 1974.

In summary, our holding today is that ordinarily whenever an administrative agency has the authority to dispose of the issue by determining it in favor of the party seeking review, there must be an exhaustion of administrative remedies before recourse to the courts. 3 K. Davis, *Administrative Law Treatise* § 20.09 (1958). *Gingell v. County Commissioners, supra; Gager v. Kasdon,* 234 Md. 7, 197 A. 2d 837 (1964); *Shpak v. Mytych,* 231 Md. 414, 190 A. 2d 777 (1963); *Berwyn Heights v. Rogers,* 228 Md. 271, 179 A. 2d 712 (1962); *Schneider v. Pullen,* 198 Md. 64, 81 A. 2d 226 (1951); *Kahl v. Cons. Gas, El. Lt. Pwr. Co. of Baltimore,* 191 Md. 249, 60 A. 2d 754 (1948); *Universal, Etc., Corp., Inc. v. Felser,* 179 Md. 635, 22 A. 2d 448 (1941).

*Order dismissing bill of complaint affirmed; costs to be paid by appellant.*