## LOUIS J. CARUSILLO ET UX. v. PRINCE GEORGE'S COUNTY, MARYLAND ET AL.

[No. 1, September Term, 1980.]

*Decided February 2, 1981.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, ELDRIDGE, COLE, DAVIDSON and RODOWSKY, JJ.

*Russell W. Shipley,* with whom were *Shipley & Zanecki, P.A.* on the brief, for appellants.

No brief filed on behalf of appellees.

DAVIDSON, J., delivered the opinion of the Court.

This case concerns the procedures to be followed by a dissatisfied party whose request for a designation change in a county comprehensive ten year water and sewerage plan is denied by a local governing body.

The petitioners, Louis J. and Anna Carusillo (property owners), own approximately 3.46 acres of land located in Prince George's County, Maryland. Although the property is presently zoned C-2 (General Commercial, Existing), it cannot be developed into a shopping center and office building complex because water and sewer service is not presently available.

The subject property initially was designated in the Prince George's County Comprehensive Ten Year Water and Sewerage Plan as "System Area 5," [1] an area in which water and sewer service is proposed to be provided within seven to ten years. In February, 1977, the property owners requested that the subject property be designated as "System Area 3," an area in which water and sewer service is proposed to be provided within two years.

In December, the County Council of Prince George's County (Council) enacted Resolution CR 79-1977 adopting its FY 1978-1987 Plan (Plan). The Council denied the property owners' request for a System Area 3 designation and retained the subject property's designation as System Area 5. Thereafter, the Secretary of the Department of Health and Mental Hygiene (Secretary) [2] pursuant to Maryland Code (1957, 1980 Repl. Vol.), Art. 43, § 387C approved the

---

1. A system area designation delineates the number of years within which water and sewer service is proposed to be provided to a parcel of property.

2. Throughout this opinion, the term "Secretary" means either the Secretary of the Department of Health and Mental Hygiene or the Department of Health and Mental Hygiene.

adopted Plan without holding a hearing. The property owners did not appeal from the Secretary's approval to the Board of Review of the Department of Health and Mental Hygiene (Board).

In August, 1978, in the Circuit Court for Prince George's County, the property owners filed a law action against Prince George's County, Maryland, the County Executive for Prince George's County, and the County Council of Prince George's County, captioned "WRIT OF MANDA-MUS, DECLARATORY JUDGMENT, INJUNCTION, DAMAGES AND OTHER APPROPRIATE RELIEF." The primary purpose of this action was to compel the Council in the future to designate the subject property as System Area 3. The property owners did not allege that the Secretary had erred in approving the Plan, did not seek relief from any action by the Secretary, and, indeed, did not name the Secretary as a party.

The Circuit Court determined that the property owners had failed to exhaust their administrative remedies because they had not appealed to the Board from the Secretary's action approving the Plan. Relying on *Commissioners of Poolesville v. County Council of Montgomery County,* 24 Md. App. 347, 330 A.2d 711 (1975),[3] the Circuit Court, on its own motion, dismissed.

The property owners appealed to the Court of Special Appeals which expressly declined to reverse its holding in *Poolesville* and affirmed the decision of the Circuit Court.

---

**3.** In *Poolesville,* the Commissioners of Poolesville, a body corporate and politic (Poolesville), had filed an action seeking a declaratory judgment against not only the County Council of Montgomery County but also the Secretary. The primary purpose of the action was to compel not only the Council but also the Secretary to amend or revise the County's compre-hensive ten year water and sewerage plan (plan) by changing Poolesville's allotment of a maximum daily sewerage discharge of 250,000 gallons to 600,000 gallons.

The Court of Special Appeals held that Poolesville had failed to exhaust its administrative remedies because it had not appealed to the Board from the Secretary's action approving the plan. The rationale underlying this decision appears to be that Art. 43, § 387C authorized the Secretary to provide the type of relief sought by Poolesville and that, consequently, Poolesville was a party aggrieved by a final decision of the Secretary in a contested case.

*Carusillo v. Prince George's County, Md.,* No. 385, September Term, 1979, filed 12 December 1979, unreported. The property owners filed a petition for a writ of certiorari that we granted. We shall vacate the judgment of the Court of Special Appeals with directions to remand the case to the Circuit Court for further proceedings.[4]

Article 43, § 387C (b) 1 (i) provides in pertinent part:

"The governing body of each county shall, adopt and submit to the [Secretary], a county plan dealing with water supply systems and sewerage systems . . . and shall from time to time submit amendments or revisions of such plan, as it deems necessary or as may be required by the [Secretary] . . . ."

Article 43, § 387C (d) 1 provides in pertinent part:

"Within 90 days after the submission of a county plan, amendment, or revision thereof, the *[Secretary] shall approve or disapprove* that county plan, amendment, or revision thereof." (Emphasis added.)

Article 43, § 387C (c) 2 provides:

*"The governing body of the county,* within six months from the notification of a *disapproval,* shall have the *right to appeal* the action of the [Secretary] to the [Secretary] *for reconsideration* in accordance with the regulations adopted under this section." (Emphasis added.)

Maryland Code (1957, 1978 Repl. Vol., 1980 Cum. Supp.), Art. 41, § 206A (c) (1) provides in pertinent part:

"In addition to its advisory powers, the board shall hear and determine appeals from those decisions of

---

4. Here, unlike *Poolesville,* the property owners did not seek relief from any action of the Secretary and, indeed, did not name the Secretary as a party. Accordingly, *Poolesville* is inapposite. Moreover, under the circumstances of this case in which the Secretary is not a party, we shall not consider the extent or nature of the Secretary's authority under Art. 43, § 387C.

the Secretary ... which are subject to judicial review *under § 255 of this article or under any other provisions of law."* (Emphasis added.)

Article 41, § 206B provides in pertinent part:

*"A person aggrieved by a decision or action or failure to act on the part of the Secretary* ... for which an appeal to the board of review of the Department of Health and Mental Hygiene is *provided by § 206A of this article* may appeal in the manner set forth in this section."* (Emphasis added.)

Article 41, § 206B (2) provides in pertinent part:

"The decision of the board shall be the final agency decision for purposes of judicial review *under § 255 of this article or for purposes of any other provisions of law permitting appeals to the courts from decisions of agencies included within the Department of Health and Mental Hygiene."* (Emphasis added.)

Maryland Code (1957, 1978 Repl. Vol.), Art. 41, § 255 (a) provides in pertinent part:

*"Any party aggrieved* by a final decision *in a contested case* ... is entitled to judicial review thereof under this subtitle." (Emphasis added.)

Maryland Code (1957, 1978 Repl. Vol., 1980 Cum. Supp.), Art. 41, § 244 (c) provides:

" 'Contested case' means a proceeding before an agency in which the legal rights, duties, statutory entitlements, or privileges of specific parties are required by law or constitutional right to be determined *after an agency hearing."* (Emphasis added.)

Maryland Code (1957, 1980 Repl. Vol.), Art. 43, § 404 provides in pertinent part:

*"Any ... person, dissatisfied with any order or regulation of the [Secretary]* under the provisions of this subtitle, *may commence ... any action in the*

> *circuit court* for any county . . . to vacate and set
> aside any such order or regulation." (Emphasis
> added.)

These provisions establish that the Board's jurisdiction under Art. 41, § 206A is limited to hearing and determining appeals from final decisions of the Secretary in contested cases and in cases that are subject to judicial review under any other provision of law. *See Montgomery County, Md. v. One Park North Assocs.*, 275 Md. 193, 202, 338 A.2d 892, 897-98 (1975). *See also Smoke Rise, Inc. v. W.S.S.C.*, 400 F. Supp. 1369, 1377-81 (D. Md. 1975).

The initial question presented is whether the property owners were persons aggrieved by a final decision of the Secretary in a contested case. Here the property owners' requested system area designation change was not included in the Plan submitted to the Secretary by the Council. The Secretary did not hold a hearing before he approved the Plan. Moreover, the property owners had no right to appeal to the Secretary for reconsideration. More important, the property owners have repeatedly asserted that they are not "aggrieved by a decision or action or failure to act on the part of the Secretary." Indeed, in this case, the property owners did not even allege that the Secretary had erred in approving the Plan, did not seek relief from any action of the Secretary, and did not name the Secretary as a party. They are seeking relief only from an action of the Council. Under these circumstances, the property owners were not persons aggrieved by a decision of the Secretary in a contested case subject to judicial review under Art. 41, § 255.

The remaining question is whether the Board has jurisdiction because the action of the Secretary is subject to judicial review under any other provision of law. The only other provision of law that could vest the Board with jurisdiction is Art. 43, § 404 which authorizes judicial review for "[a]ny . . . person dissatisfied with an order or regulation of the [Secretary]. . . ." The unambiguous language of this section establishes that only a person dissatisfied with a Secretary's order or regulation has a right to judicial review.

Here, although the property owners' requested system area designation change was not included in the Plan approved by the Secretary, the property owners have repeatedly asserted that they are not "dissatisfied with an order or regulation of the Secretary." Indeed, in this case, as previously noted, the property owners did not even allege that the Secretary had erred in approving the Plan, did not seek relief from any action of the Secretary, and did not name the Secretary as a party. They are seeking relief only from an action of the Council. Under these circumstances, Art. 43, § 404 did not afford the property owners a right to judicial review.

Because the property owners did not have a right to judicial review under Art. 41, § 255 or under Art. 43, § 404, the Board had no jurisdiction under Art. 41, § 206A (c) (1). Accordingly, there was no administrative remedy for the property owners to exhaust before seeking judicial review of the Council's action.

The Court of Special Appeals erred in dismissing the property owners' appeal from the Council's action. Accordingly, we shall vacate the judgment of that Court with directions to remand the case to the Circuit Court for further proceedings.

*Judgment of the Court of Special Appeals vacated.*

*Case remanded to that court with directions to vacate the judgment of the Circuit Court for Prince George's County and to remand the case to that court for further proceedings.*

*Respondents to pay costs.*