**Bruce BAKER et al., Appellants,**

v.

**F. David MATHEWS, Secretary of Health, Education and Welfare, et al., Appellees.**

**No. 74–2487.**

United States Court of Appeals, Ninth Circuit.

July 22, 1976.

As Amended Aug. 4, 1976.

F. Bradford Niebling (argued), of Patmont & Meyers, San Francisco, Cal., for appellants.

Robert L. Leberman, Deputy Atty. Gen. (argued), of San Francisco, Cal., and Paul J. Fitzpatrick, Asst. U. S. Atty. (argued), San Francisco, Cal., and Donald J. Garibaldi, Deputy City Atty. (argued), San Francisco, Cal., for appellees.

OPINION

Before CHAMBERS, KILKENNY and TRASK, Circuit Judges.

PER CURIAM:

Appellants appeal from a summary judgment of the district court dismissing their class action seeking declaratory, injunctive, and other relief, including repayment to the school district of all Social Security contributions made since July 1, 1972. Appellants claim jurisdiction under 28 U.S.C. § 1331, the Fifth and Fourteenth Amendments to the Constitution, and 42 U.S.C. § 418 on their first cause of action, and 28 U.S.C. § 1361 on their second claim.

FACTS

This taxpayers suit challenges the legality of certain Social Security contributions made by the San Francisco Unified School District on behalf of certain of its employees. Appellants claim that the employees are not in fact covered by the Social Security Act and the contributions made by the school district on their behalf have been made in excess of lawful authority and should be returned to the school district. Other than the capacity in which appellants prosecute this action, the facts are identical with those set forth in *RoAne v. Mathews,* 538 F.2d 852 (CA9, July 22, 1976), this

**856**

day decided. There we affirmed the district court's order of dismissal for failure to exhaust administrative remedies.

## DISCUSSION

Relying upon *Canton v. Spokane School District No. 81*, 498 F.2d 840 (CA9 1974), the district court expressed the view that appellants had no administrative remedies and, consequently, the doctrine of exhaustion was not applicable. *Canton* states the general rule that in claims prosecuted under the Civil Rights Act state judicial remedies need not be exhausted in order to perfect a federal claim. Of course, this is not a Civil Rights case, and there is nothing in *Canton* which even remotely suggests that the doctrine of exhaustion of federal remedies should not be employed where, as here, the very core of the claim is dependent upon a construction of the relevant provisions of the Social Security Act [1] and the regulations promulgated thereunder.

We find no significant distinction between the factual background in *RoAne*

and that presented on the record before us. Each, in the final analysis, presents a claim under the Social Security Act involving a construction of the relevant provisions of that Act. The fact that appellants may prosecute this action as taxpayers, rather than in the capacity of school teachers, as in *RoAne*, is of no importance.

## CONCLUSION

We conclude that *RoAne* is controlling and that the district judge was without jurisdiction to grant the summary judgment. The judgment is vacated and the cause remanded with instructions to dismiss for failure of appellants to exhaust their administrative remedies.

1. 42 U.S.C. §§ 405, 418.