David L. FARRELL, Plaintiff–
Appellant,

v.

Anthony J. PRINCIPI, Secretary of
Veterans Affairs, Defendant–
Appellee.

No. 02–35929.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 5, 2004.

Filed May 11, 2004.

David C. Force, Eugene, OR, for appellant David L. Farrell.

James L. Sutherland, U.S. Attorney's Office, Eugene, OR, for appellee Anthony J. Principi, Secretary of Veterans Affairs.

Before: McKEOWN, FISHER, Circuit Judges, and GONZALEZ, District Judge.*

GONZALEZ, District Judge:

This case arises out of a disability discrimination claim that David L. Farrell filed with the Equal Employment Opportunity Commission ("EEOC") against his employer, the Veterans Administration Medical Center in Roseburg, Oregon ("Roseburg VA Medical Center"). Farrell received a favorable decision from the EEOC Administrative Law Judge ("ALJ"). The Department of Veterans Affairs ("VA") issued a final order granting Farrell partial relief. Farrell thereafter filed a civil action in district court, seeking further relief. The outcome of this case turns on whether Farrell seeks to enforce the final order or seeks de novo review of

* Honorable Irma E. Gonzalez, United States District Judge for the Southern District of California, sitting by designation.

the discrimination claim. The government argued that the action merely sought to enforce the final order. The district court agreed and dismissed the complaint for failure to exhaust administrative remedies. We reverse and remand.

## I.

### BACKGROUND

The relevant facts are undisputed. Farrell is a partially-disabled veteran employed by the VA at the Roseburg VA Medical Center. On October 23, 1997, Farrell filed a formal complaint with the EEOC, alleging that his employer discriminated against him in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 791, by refusing to accommodate his disabilities. After the VA concluded its investigation, Farrell requested and received a hearing before an EEOC ALJ. The ALJ issued a decision on May 7, 2001, in which the ALJ found that Farrell's employer had discriminated against him. On June 12, 2001, the VA took "final action" pursuant to 29 C.F.R. § 1614.110(a) by entering a final order awarding Farrell partial relief.

On September 10, 2001, Farrell filed a complaint in district court against Anthony J. Principi, Secretary of Veterans Affairs. Appellee moved to dismiss the complaint for failure to exhaust administrative remedies pursuant to 29 C.F.R. § 1614.504, and the magistrate judge recommended that the appellee's motion be granted. Farrell filed several objections to the magistrate judge's report, one of which challenged the magistrate judge's "legal conclusion that a plaintiff seeking remedies for violation of the Rehabilitation Act must exhaust administrative remedies before commencing a civil action to enforce the Act." Despite Farrell's objections, the district court adopted the magistrate judge's findings and recommendation in full and dismissed the case for failure to exhaust administrative remedies. Farrell filed a timely notice of appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291.

## II.

### STANDARD OF REVIEW

■ Dismissal for failure to exhaust administrative remedies is a question of law that we review de novo. *Bankston v. White*, 345 F.3d 768, 770 (9th Cir.2003); *Vinieratos v. United States*, 939 F.2d 762, 767–68 (9th Cir.1991).

## III.

### DISCUSSION

When an agency issues a notice of final action to a federal employee alleging employment discrimination, the claimant may seek de novo review of the disposition of his administrative complaint by filing a civil action in district court within 90 days. 42 U.S.C. § 2000e–16(c); *Charles v. Garrett*, 12 F.3d 870, 873–74 (9th Cir.1993) (based on pre–1991 version of § 2000e–16(c), which provided only 30 days within which to file a civil action); 29 C.F.R. § 1614.407(a). Although the claimant also has the option of appealing the final action to the EEOC before filing a civil action, *see* 29 C.F.R. § 1614.401(a), this is not required. *See* 42 U.S.C. § 2000e–16(c); *Charles*, 12 F.3d at 873–74. The government contends that the civil action sought to enforce the final order and that Farrell was therefore required to comply with the procedures in 29 C.F.R. § 1614.504.[1] Com-

---

1. 29 C.F.R. § 1614.504, which is entitled "Compliance with settlement agreements and final action" states, in relevant part:
   If the complainant believes that the agency has failed to comply with the terms of a settlement agreement or decision, the com-

plainant shall notify the EEO Director, in writing, of the alleged noncompliance within 30 days of when the complainant knew or should have known of the alleged noncompliance.

pliance with the administrative procedures set forth in 29 C.F.R. § 1614.504 is, however, not required when the claimant seeks review of the disposition of his administrative complaint, rather than enforcement of a final action or settlement agreement. *See* 29 C.F.R. § 1614.504(a).

■ Despite the government's arguments to the contrary, the relief Farrell seeks in his civil complaint, which is not a model of clarity, is not limited to enforcement of the agency's final action; rather, Farrell seeks de novo review of his discrimination complaint by asking for the relief he was denied during the administrative process. For example, under the agency's final order, Farrell was awarded $10,000 for emotional distress damages and no pecuniary damages. However, in Farrell's civil complaint, he seeks an award of $74,000 in emotional distress damages and pecuniary damages in an amount to be determined at trial. Moreover, the fact that the complaint is captioned "Rehabilitation Act Enforcement Claim" does not mean, as defendant contends, that Farrell is seeking enforcement of the final action, as opposed to enforcement of the Rehabilitation Act itself. Rather, Farrell's civil complaint indicates that he is seeking to enforce the Rehabilitation Act's anti-discrimination provisions by obtaining additional relief for the discrimination alleged in his administrative complaint. In opposing the defendant's motion to dismiss below, Farrell's counsel at all times conflated the distinction between enforcement of the VA's final order and judicial "modification" of the order. Reading Farrell's pleadings and memoranda as a whole, however, we conclude that Farrell seeks de novo review

of his claim and not enforcement of the VA's final order.

While Farrell cannot avoid the exhaustion requirement imposed by 29 C.F.R. § 1614.504 simply by couching an enforcement claim as a retaliation claim, we conclude that Farrell's civil complaint seeks de novo review of the disposition of his administrative complaint. By seeking a de novo determination of the appropriate relief for his disability discrimination claim, Farrell has implicitly rejected the scope of relief granted by the ALJ and the VA. *Cf. Greenlaw v. Garrett,* 59 F.3d 994, 998–1000 (9th Cir.1995) (concluding that a public employee exhausted her administrative remedies by rejecting the agency's offer of relief). By opting for de novo review of his remedy, Farrell may not simultaneously seek enforcement of that remedy.[2] *See Moore v. Devine,* 780 F.2d 1559, 1564 (11th Cir.1986) ("[An] employee may request enforcement by the district court without requesting and trying the merits of the claim. However, where, as here, the employee files a complaint asking the district court to consider the case on the merits and proceeds to trial *de novo* of the very claims resolved by the EEOC, he or she cannot complain when the district court independently resolves the claims on the merits."). As Farrell conceded at oral argument, in making a de novo determination of the appropriate relief, the district court may grant Farrell greater or lesser relief than the agency did in its final order. Because Farrell received a notice of final action from the VA, and filed his civil action within 90 days of receipt of that notice, Farrell's complaint was properly

**2.** We do not express any opinion on whether the ALJ and the VA's determination of liability is also subject to a de novo determination. *Compare Morris v. Rice,* 985 F.2d 143, 145 (4th Cir.1993) ("[T]he plaintiff may limit and tailor his request for *de novo* review, raising questions about the remedy without exposing

himself to a *de novo* review of a finding of discrimination), *with Timmons v. White,* 314 F.3d 1229, 1234 (10th Cir.2003) (holding that "plaintiff who has brought a civil action under § 2000e–16(c) is not entitled to limit the district court's review to the issue of remedy only").

before the district court and no further administrative exhaustion was required.

**REVERSED** and **REMANDED.**