**Richard E. BUCKLEY, Plaintiff— Appellant,**

v.

**Joyce SCHAUL, Freedom of Information Officer, Social Security Administration; et al., Defendants—Appellees.**

No. 04–35426.

D.C. No. CV–03–03234–TSZ.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.*

Decided June 22, 2005.

Richard E. Buckley, Seattle, WA, pro se.

Marion J. Mittet, USSE—Office of the U.S. Attorney, Seattle, WA, for Defendants—Appellees.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

## MEMORANDUM**

Richard E. Buckley, an attorney formerly employed by the Social Security Administration ("SSA"), appeals pro se the district court's order dismissing his action alleging that the SSA and individual employees of the SSA and the Department of Justice violated the access provisions of the Privacy Act of 1974, 5 U.S.C. § 552a, by not providing him with documents that he requested. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a dismissal for failure to exhaust administrative remedies. *Farrell v. Principi*, 366 F.3d 1066, 1067 (9th Cir.2004). We affirm.

We do not reach Buckley's contentions concerning the exhaustion requirement mandated by the Privacy Act because, even in the absence of an explicit exhaustion requirement, a district court may in its discretion require such exhaustion. *See Southeast Alaska Conservation Council, Inc. v. Watson*, 697 F.2d 1305, 1309 (9th Cir.1983). The district court did not err in concluding it was premature to exercise its jurisdiction to hear Buckley's Privacy Act claims. *See Morrison–Knudsen Co., Inc. v. CHG Int'l, Inc.*, 811 F.2d 1209, 1223 (9th Cir.1987) (explaining factors to be considered in deciding whether exhaustion is required).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Buckley's remaining contentions lack merit.

**AFFIRMED.**