MEMORANDUM *
Appellant Spokane County Deputy Sheriffs Association (the “Association”) appeals the district court’s order dismissing its complaint pursuant to the Eleventh Amendment of the United States Constitution and due to the Association’s failure to exhaust its administrative remedies. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
I.
We review de novo a dismissal for lack of subject matter jurisdiction. United States ex rel. Biddle v. Bd. of Trs. of the Leland Stanford, Jr. Univ., 161 F.3d 533, 535 (9th Cir.1998). We review for “clear error” a district court’s factual findings relevant to a determination of subject matter jurisdiction. Id. Because the defendants “assert[ ] that the allegations in the complaint are insufficient to establish subject matter jurisdiction as a matter of law ..., we take the allegations in the plaintiffs complaint as true.” Whisnant v. United States, 400 F.3d 1177, 1179 (9th Cir.2005) (citing Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir.2004)).
“We review de novo whether a party is immune under the Eleventh Amendment.” California v. Campbell, 138 F.3d 784, 786 (9th Cir.1998).
We review de novo a dismissal for failure to exhaust administrative remedies. Farrell v. Principi, 366 F.3d 1066, 1067 (9th Cir.2004).
II.
The Eleventh Amendment bars federal actions against a state brought by its own citizens, whether the relief sought is legal or equitable. See U.S. Const, amend. XI; Edelman v. Jordan, 415 U.S. 651, 662-63, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974) (“While the Amendment by its terms does not bar suits against a State by its own citizens, this Court has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of anoth *601 er State.”). State agencies are similarly immune. Mitchell v. L.A. Cmty. Coll. Dist., 861 F.2d 198, 201 (9th Cir.1988) (“Under the eleventh amendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court.”). A state’s Eleventh Amendment immunity is not absolute: a state may consent to suit in federal court or waive its sovereign immunity to suit in federal court. See Doe v. Maher, 793 F.2d 1470, 1493 (9th Cir.1986). “A state may waive its immunity if it voluntarily invokes the jurisdiction of a federal court or if it makes a ‘clear declaration’ that it intends to submit itself to federal court jurisdiction.” In re Harleston, 331 F.3d 699, 701 (9th Cir.2003) (citation omitted).
However, Eleventh Amendment immunity does not extend to “political subdivisions such as counties and municipalities, even though such entities exercise a slice of state power.” Beentjes v. Placer County Air Pollution Control Dist., 397 F.3d 775, 777 (9th Cir.2005) (citation and quotation marks omitted).
The district court correctly dismissed the Association’s complaint against Washington Department of Employment Security (“DES”) on this basis. The record does not support the Association’s argument that the state of Washington waived the DES’s sovereign immunity rights under the Eleventh Amendment. Moreover, Congress has not abrogated the states’ sovereign immunity in this area.
The district court did err in dismissing the Association’s claims against Spokane County, Washington (“County”) on the basis of the Eleventh Amendment. See Pittman v. Oregon, Employment Dept., 509 F.3d 1065, 1071 (9th Cir.2007).
III.
However, the district court lacked subject matter jurisdiction to consider the merits of the claims against the County and DES. The Social Security Act “lodges exclusive jurisdiction of claims under the [Social Security] Act in the agency, subject only to review by the district court as provided for in the Act.” RoAne v. Mathews, 538 F.2d 852, 854 (9th Cir.1976). It is undisputed that the Association did not adhere to the administrative process required by 42 U.S.C. § 405(g). Therefore, the district court correctly dismissed the Association’s claims against DES and the County because the Association failed to exhaust its administrative remedies before filing suit. See RoAne, 538 F.2d at 854; see also Baker v. Mathews, 538 F.2d 855, 855 (9th Cir.1976).[1]
The Association could not remedy the jurisdictional defect by cloaking its claims in the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq. The Association needed an independent basis of federal question jurisdiction to allow the district court to proceed to the merits of its claim for declaratory relief. See Nationwide Mut. Ins. Co. v. Liberatore, 408 F.3d 1158, 1161 (9th Cir.2005) (“[T]he Declaratory Judgment Act does not by itself confer federal subject-matter jurisdiction....”).
IY.
The district court dismissed the Association’s claims and did not allow the Association an opportunity to amend. The Association waived any argument it may have made regarding amendment because *602 it did not raise the issue in its opening brief and the Association has not otherwise shown good cause to allow us to consider the issue. See Koerner v. Grigas, 328 F.3d 1039, 1048-49 (9th Cir.2003).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.

. Although the Association would have us "judicially waive” the exhaustion requirement, we are without power to do so where the matter has not even been presented to the agency. See Briggs v. Sullivan, 886 F.2d 1132, 1138 (9th Cir.1989) (holding that presentment requirement "is jurisdictional and therefore cannot be waived”).