MEMORANDUM **
Jeffrey Miller appeals the district court’s grant of summary judgment in favor of the Postmaster General in his Title VII employment discrimination action. We review the district court’s order granting summary judgment de novo, and we review the district court’s compliance with local rules for abuse of discretion. Hauk v. JP Morgan Chase Bank USA, 552 F.3d 1114, 1117 (9th Cir.2009); United States v. Heller, 551 F.3d 1108, 1111 (9th Cir.2009). We affirm.
Miller correctly argues that a district court may not grant summary judgment merely because an opposing party does not respond. See Martinez v. Stanford, 323 F.3d 1178, 1182 (9th Cir.2003). However, here, the district court stated that it had reviewed the motion and found it meritorious, and we agree. The postmaster was “entitled to judgment as a matter of law” because Miller failed to provide any evidence demonstrating that the legitimate reasons the postmaster offered for the employment actions were pretextual. See Surrell v. Cal. Water Serv. Co., 518 F.3d 1097, 1108 (9th Cir.2008). The fact that an ALJ had found pretext based on evidence not before the district court does not excuse Miller’s failure to provide evidence of pretext to the district court. See Farrell v. Principi, 366 F.3d 1066, 1068 (9th Cir.2004) (citing Moore v. Devine, 780 F.2d 1559, 1564 (11th Cir.1986)) (stating that when a plaintiff asks a district court to consider a case on the merits after an administrative proceeding, “he ... cannot complain when the district court independently resolves the claims on the merits”).
We also affirm the district court’s grant of summary judgment as to the constructive discharge claim because Miller failed to exhaust his administrative remedies as to the claim. The “jurisdictional scope of a Title VTI claimant’s court action depends upon the scope of both the EEOC charge and the EEOC investigation.” EEOC v. Nat’l Educ. Ass’n, Alaska, 422 F.3d 840, 847 (9th Cir.2005) (quoting Sosa v. Hiraoka, 920 F.2d 1451, 1456 (9th Cir.1990)) (internal quotation marks omitted). It is undisputed that neither the EEOC charge nor the EEOC investigation included a constructive discharge claim. Miller had been warned that late-filed motions to amend would be denied. Accordingly, his argument that the ALJ erred when she refused to allow him to amend his charge *534 more than 18 months after his retirement does not excuse his failure to exhaust administrative remedies in a timely manner.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.